CAMDEN ET AL., *Plaintiffs in Error*, v. PLAIN.

1.  **Administration**: SALE OF REAL ESTATE TO PAY DEBTS: JUDGMENT OF PROBATE COURT: COLLATERAL ATTACK. Where, upon the presentation in the probate court of the petition, with accounts and inventories, of the administrator for an order to sell real estate to pay debts of the deceased, and the court, having found to its satisfaction, that the personal estate of the deceased was insufficient to pay the debts due from the estate, entered that finding of record,

| 91 | 117 |
| 101 | 116 |
| 91 | 117 |
| 103 | 499 |
| 105 | 475 |
| 91 | 117 |
| 113 | 98 |
| 114 | 492 |
| 116 | 494 |
| 91 | 117 |
| 122 | 189 |
| 91 | 117 |
| 133 | 412 |
| 91 | 117 |
| 73a | 615 |
| 74a | 335 |
| 91 | 117 |
| f156 | 587 |
| 91 | 117 |
| 174 | ³386 |
| 91 | 117 |
| 101a | ¹113 |

Camden v. Plain.

and ordered that notice be given to all persons interested that an order for the sale of the real estate would be made at the next term of the court, to be begun and held on the sixth day of April, 1868, and at said last time, the court having found that said notice was given, as required by law, and no person appearing to show cause why such order should not be made, the order was made, which finally resulted in the approval of the sale made thereunder, and the deed of the administrator to the purchaser. *Held,* that the question of the insufficiency of the personal property of the estate to discharge its debts was judicially ascertained and determined by the probate court, as required by law in such cases, and, also, *held, further,* that such judgment is conclusive on all parties in interest in collateral proceedings.

2. **Probate Court, Judgments and Orders of.** Judgments and orders of probate courts in matters of the administration of estates are entitled to the same presumptions of verity as are accorded to courts of general jurisdiction, proceeding according to the course of the common law.

3. **Order of Sale:** DESCRIPTION OF THE LAND. Where the real estate was correctly described in the petition, and the order of sale was made on the day, and at the term, stated in the order of publication, it is not necessary that the description of the land should be repeated in the order of sale.

4. **Sale of Real Estate by Administrator, Approval of by Court.** The approval by the court of the report of sale, although not entered in the record proper of the court, is sufficient, if such approval appears from the judge's minutes, especially, when it further appears that such approval is recited in the administrator's deed, the acknowledgment of which was taken in open court by the judge on the same day that the entry was made on the minutes, and that, in his second annual settlement, the administrator charged himself with the amount of the purchase money of the land.

5. ———. It is sufficient if the approval of the sale can be gathered from the whole record.

*Appeal from Cass Circuit Court.*—HON. NOAH M. GIVAN, Judge.

AFFIRMED.

*S. P. Sparks* for plaintiffs in error.

(1)  The land of a decedent cannot be sold, except

when the personal estate is insufficient to pay debts existing at the time of his decease. *Aubuchon v. Lory*, 23 Mo. 99; *Farrar v. Dean*, 24 Mo. 16; *Wright v. Chambers*, 24 Mo. 482; *Trustees v. McElhaney*, 61 Mo. 541; *Rithey v. Withers*, 72 Mo. 556; *Bollinger v. Kelly*, 85 Mo. 561; *Ferguson, Adm'r, v. Carson's Adm'r*, 86 Mo. 673. (2) The application for the sale must affirmatively show that the facts exist which authorize the sale. *Beal v. Harmon*, 38 Mo. 435; *Strouse v. Drennon*, 41 Mo. 289; *Stuart v. Allen*, 16 Cal. 473; *Fitch v. Miller*, 20 Cal. 352. (3) The application disclosed that the chief object of the sale was to provide a fund for "the estimated costs of administration, and that there was a large amount of taxes due in Johnson and Cass counties;" the probate court was without power to direct a sale for these purposes. *Farrar v. Dean*, *supra; Teverbaugh v. Hawkins*, 82 Mo. 180; 7 South. Law Rev. 647. (4) The proceedings of the administrator under the order of sale were, in contemplation of law, returnable to the next (July term, 1868) regular term of court, and the sale having been made after the next regular term, without any new order of sale, was illegal and void, and passed no title to the purchaser, because there had been a loss of authority or jurisdiction over the persons interested in the estate. *Hughes v. Hughes*, 72 Mo. 137; *Macey v. Raymond*, 9 Pick. 285; *Marr v. Boothby*, 19 Me. 150; *Mason v. Ham*, 36 Me. 573; *Williamson v. Williamson*, 52 Miss. 725. (5) The land which was sold lay in Cass county, was described in the petition, but it was not described in the order of sale, nor did the order so much as refer to the lands mentioned in the petition, but directed that "the whole, or so much of the real estate belonging to said estate as will be sufficient to pay the debts due and owing thereby." The testimony showed the decedent owned other lands in Johnson county, Missouri. Such order conferred no authority to make such sale. *Greene v. Holt*, 76 Mo. 677;

*Graham v. Hawkins*, 38 Tex. 628. (6) It was essential
to the validity of the sale that the report should have
been approved by an order entered of record. The ap-
proval appearing on the minutes did not constitute an
approval by an entry of record. *Valle v. Fleming*, 19 Mo.
454; *Garner v. Tucker*, 61 Mo. 431. (7) The terms of court,
under the act creating it, were fixed on the first Mondays
in January, April, July, and October, and the judge
might change the time by making an order of record
stating such change; but it was essential, to effect such
change, that the notice required by the section should
have been given, and that it had been should appear of
record. Acts 1865-6, sec. 11, pp. 84, 88.

*Railey & Burney* for defendant in error.

(1) The administrator's deed, read in evidence by
defendant, contains every recital required by law. It
conveyed all the right, title, and interest, which the
deceased had in such real estate at the time of his death,
and was evidence of the facts therein recited. G. S.,
1865, sec. 37, p. 499; R. S., 1879, sec. 172. (2) The
orders and proceedings of said probate court, prior to
the execution of said deed, are presumed to be regular
and valid; and cannot be called in question in this
collateral proceeding, unless a want of jurisdiction
affirmatively appear upon the face of such orders and
proceedings. *Johnson v. Beasley*, 65 Mo. 250, 264, 265,
and cases cited; *Sims v. Gray*, 66 Mo. 616; *Wilkerson
v. Allen*, 67 Mo. 588; *State v. Evans*, 83 Mo. 322;
*Moore v. Davis*, 85 Mo. 468; *Overton v. Johnson*, 17
Mo. 445. Even the judgments of a justice of the peace,
where the facts necessary to confer jurisdiction appear
affirmatively upon the face of the proceedings in ques-
tion, are not obnoxious to collateral attack. *Jeffries v.
Wright*, 51 Mo. 220; *Colvin v. Six*, 79 Mo. 200; *State
ex rel. v. Six*, 80 Mo. 61. (3) It devolved upon plaintiffs

to show affirmatively a want of jurisdiction in the probate court. All the records and proceedings of said court, introduced in evidence by them, show a substantial compliance with every requirement of the statute. (4) It was competent for defendant to show title by adverse possession under his general denial. *Nelson v. Brodhack*, 44 Mo. 599; *Bledsoe v. Sims*, 53 Mo. 307; *Lain v. Shepardson*, 23 Wis. 224; *Mather v. Hutchinson*, 25 Wis. 27; *Miles v. Lingerman*, 24 Ind. 385; *Marshall v. Shafter*, 32 Cal. 176; *Bruck v. Tucker*, 42 Cal. 346, 351; *Kyser v. Cannon*, 29 Ohio St. 359; Bliss on Code Plead., sec. 356; Pomeroy's Remedies and Remedial Rights [2 Ed.] sec. 679. (5) It was admitted at the trial that the defendant, D. S. Plain, and his grantor, William A. Loudermilk, had been in open, notorious, continuous, and adverse possession of the premises ever since the month of October, 1868. This suit was commenced on the twenty-fifth day of February, 1884. So that defendant and his grantor, Loudermilk, were in the open, notorious, continuous, and adverse possession of the real estate in controversy, with their deeds duly recorded, in 1868 and 1878, for more than fifteen years prior to the commencement of this suit. (6) Under the admissions and record in the case, it conclusively appears that the statute of limitations began to run against Lewis Camden in October, 1868, and continued to run until the time of his death. Even if it should be inferred—without anything appearing in the record to warrant the inference—that Lewis Camden died before the full ten years run against him, yet the result would be the same. Because, when the statute commences to run against the ancestor, it will not cease to run, as against an infant heir. *Smith v. Newby*, 13 Mo. 159; *Williams v. Dongan*, 20 Mo. 186; *Keeton's Heirs v. Keeton's Adm'r*, 20 Mo. 530; *Rogers v. Brown*, 61 Mo. 195; *Cunningham v. Snow*, 82 Mo. 592; *Fleming et al. v. Griswold*, 3 Hill, 85; *Jackson et al. v.*

*Moore*, 13 Johns. 513; *Hogan v. Kurtz*, 94 U. S. 773; *Currier v. Gale*, 3 Allen, 328; *Eager v. Commonwealth*, 4 Mass. 182; Angell on Lim. [6 Ed.] sec. 477; Wood on Lim. of Actions, pp. 7, 14, and cases cited.

BRACE, J.—This is an action in ejectment for one hundred and twenty acres of land in Cass county, Missouri, commenced in the circuit court of said county on the twenty-fifth of February, 1884; the plaintiffs claim as heirs at law of their grandfather, William H. Camden, who died intestate a short time prior to the twelfth of March, 1867, seized in fee-simple of the premises, leaving surviving him three children, his only heirs, one of whom, Lewis Camden, died prior to the first day of October, 1884, leaving plaintiffs his only children and heirs at law ; the plaintiff, George, was born February 29, 1860, and William C., on the twenty-eighth of November, 1861. On the twelfth of May, 1867, James A. Horn was appointed administrator of the estate of said William H. Camden, deceased, by the probate court of Johnson county, qualified and entered upon the discharge of his duties as such. On the tenth day of January, 1868, said administrator presented a petition to said court, praying for an order for the sale of the premises for the payment of the debts of said intestate ; the order was made, and the premises sold to one Loudermilk, who received a deed therefor from the administrator, and afterwards conveyed the same, by general warranty deed, to the defendant, who was in possession of the premises at the time the suit was instituted . the defendant and his grantor had been in the open, notorious, continuous, and adverse possession of the premises ever since October, 1868. Defendant claims title under the deed of said administrator and by virtue of the adverse possession aforesaid. The case was tried before the court without a jury, and the court found for the defendant and rendered judgment in his favor.

The deed from the administrator to the defendant's grantor is as follows :

"Whereas, on the sixth day of April, A. D., 1868, the probate court of the county of Johnson, state of Missouri, at the April term, for the year, 1868, of said court, ordered, by an entry of record, that I, as administrator of said estate, sell, at private sale, for cash in hand, the southwest quarter of the southwest quarter of section number twenty-nine (29) ; the northeast quarter of the northeast quarter of section number thirty-one (31); and the northwest quarter of the northwest quarter of section number thirty-two (32), of township number forty-four (44), of range number twenty-nine (29), situate in the county of Cass, state of Missouri, or so much thereof as might be necessary to pay the debts of said estate ; and whereas, previously to the day of sale, I, as such administrator, had said real estate appraised in due form of law by Harrison Hoover, Amos Holcomb, and Joseph S. Holcomb, three disinterested householders of said county, and immediate residents in the vicinity of said lands, who, on the nineteenth day of May, A. D., 1868, having first made the affidavit required by law, appraised said real estate to be of the value of nine hundred and sixty dollars, and so certified in their certificate of appraisement ; by virtue of which said order of sale and appraisement, and the power in me by law vested so to do, I, as said administrator, did, on the eighth day of September, A. D., 1868, expose at private sale, for cash in hand, all the right, title, and interest which the said William H. Camden had in and to said real estate at the time of his death ; and William A. Loudermilk being the highest and best bidder for said real estate, he bidding the price and sum of one thousand and fifty dollars, the same was sold to the said William A. Loudermilk for that sum ; and whereas, at the term of the probate court for said county of Johnson the next following the sale of said real estate, being the October

term, 1868, of said probate court, and on the sixth day of October, A. D., 1868, I, as such administrator, made to said court a report, verified by my affidavit, and accompanied by the certificate of appraisement, of my proceedings touching such sale, including the manner, time, and terms of sale, and of the property sold, and to whom sold, all as heretofore set forth, and which report was thereupon approved by said court, by its proper order entered of record ; now, therefore, in consideration of the premises and of the sum of one thousand and fifty dollars to me, said administrator, paid by the said William A. Loudermilk, the receipt whereof I do hereby acknowledge, and by virtue of the authority in me vested by law, I, James A. Horn, administrator, as aforesaid, do hereby grant, sell, and convey to the said William A. Loudermilk all the right, title, and interest, which the said William H. Camden had in and to said real estate, at the time of his death, to have and to hold the right, title, and interest, hereby conveyed unto the said William A. Loudermilk, his heirs and assigns, forever, with all the rights and privileges thereto belonging."

The deed was duly executed by the administrator, on the sixth day of October, 1868, and properly acknowledged in open court, before the judge of said probate court ; to the admission of this deed in evidence plaintiff objected, which objection was overruled by the court. The deed was properly executed and acknowledged, contained all the recitals required to be made by law, was evidence of the facts therein stated, and had the effect of conveying to the purchaser all the right, title, and interest of the deceased (G. S., 1865, ch. 122, secs. 35, 37), and there was no error in overruling the objection thereto.   Plaintiff, to disprove the recitals of said deed, and to destroy the legal effect thereof, introduced the original papers and the record entries of all the proceedings of said probate court in the premises, of which, for

the purposes of this opinion, it will only be necessary to set out the following :

" At the January term, 1868, and on the sixth day thereof, the following proceedings were had : Now, at this day, comes James A. Horn, administrator of the estate of William Camden, deceased, and presents to the court here his petition, praying the court that an order be made for the sale of the real estate belonging to said estate, for the payment of debts due and owing thereby, accompanied by a true account of his administration, and a list of the debts due to and by said estate, and remaining unpaid, and an inventory of the real and remaining personal estate, and all other assets in his hands, showing, to the satisfaction of the court, that the personal estate is not sufficient to pay the debts due and owing thereby. It is, therefore, ordered, by the court, that all persons interested in the said estate be notified of this application, and, unless the contrary be shown, on the first day of the next term of this court, to be begun and held on the sixth day of April, A. D., 1868, at the court house, in the town of Warrensburg, Johnson county, Missouri, an order will be made for the sale of the whole, or so much of said real estate as will be sufficient to pay the debts due and owing thereby. Afterwards, on the sixth day of April, 1868, the further proceedings were had, to-wit: Now, at this day, comes James Horn, administrator of the estate of William Camden, deceased, and proves, to the satisfaction of the court here, that the order of publication heretofore made by the court, for the sale of the real estate belonging to the said estate, for the payment of debts due and owing thereby, has been fully complied with, as required by law ; and, no person appearing to show cause why an order should not be made for the sale of the real estate aforesaid, it is, therefore, ordered by the court, that said administrator proceed and sell, at private sale, the whole, or so much of the real estate belonging to said

estate as will be sufficient to pay the debts due and owing thereby."

At the October term, 1868, and on the sixth day of October, the administrator made his report of sale as follows:

"To the Honorable, the Judge of the Probate Court of Johnson county, state of Missouri :

"The undersigned administrator of the estate of William H. Camden, deceased, would respectfully report that, in pursuance of an order of said court, made at the ———— term, A. D., 186—, for the sale, at private sale, of the real estate, belonging to the estate of said deceased, or so much thereof as would be sufficient to pay the debts due and outstanding against said estate, he did cause to be appraised, on the nineteenth day of May, A. D., 1868, by Harrison Hoover, Amos Holcomb, and Joseph Holcomb, the following described tract of land, situated in the county of Cass, state of Missouri, to-wit:

"The southwest quarter of the southwest quarter of section number twenty-nine ( 29 ), the northeast quarter of the northeast quarter of section number thirty-one ( 31 ), and the northwest quarter of the northwest quarter of section thirty-two ( 32 ); all in township number forty-four ( 44 ), of range number twenty-nine ( 29 ), who, being three disinterested householders of Cass county, after being duly sworn and qualified, according to law, did view and appraise said real estate, as follows, to-wit:

" The ne. qr. of the ne. qr. of sec. 31, twp. 44,
 range 29, to be of the value of.............$320.00
"The nw. qr. of the nw. qr. of sec. 32, twp. 44,
 of range 29, to be of the value of.......... 320.00
"The sw. qr. of the sw. qr. of sec. 29, twp. 44,
 range 29, to be of the value............... 320.00

"Amounting to the sum of...................$960.00

which will more fully appear by reference to the certificate of appraisement hereto annexed.

"The undersigned would further report, that, in pursuance of said order, he did offer said real estate at private sale, and the highest and best offer he could obtain was made by William A. Loudermilk, who offered the sum of one thousand and fifty dollars, on the eighth day of September; being ninety dollars over and above the appraisement, the same was sold to him for that sum, to be paid in cash whenever said sale shall be ratified, and a deed ordered to be made. Said administrator would further state that he is, in no way, interested in said sale.

"JAMES A. HORN, Administrator."

The report was properly verified by the affidavit of the administrator, and was accompanied by a certificate of the appraisement of said appraisers, as stated in said report, said certificate showing said appraisers were duly sworn and qualified in Cass county. It was admitted, by the parties, that the records proper of the probate court did not show that any order had been made, approving the report of the administrator of the sale of said real estate, but that the minutes of the judge of said court show the following, among other entries, among the proceedings of the sixth day of October, 1868, of said court:

"In the matter of the estate of Wm. H. Camden, deceased. Report of sale of real estate of William Camden, deceased, approved; deed ordered, and deed acknowledged."

The principal contention of the plaintiffs is, that the order of sale is void, because the petition for the sale of the real estate of decedent, presented to the court by the administrator, with the lists, accounts, and inventories it contained, failed to show that the personal estate of said decedent was not sufficient to pay his existing debts, but, on the contrary, did show that such sale was

only necessary to raise money to pay costs of administration, and a large amount of taxes, due in Johnson and Cass counties. Whether this is true or not, in fact, is immaterial, in determining the validity of the order of sale in this case, and, therefore, we have not encumbered the record with the petition and settlement made by the administrator at the time. The petition substantially averred that the personal estate was not sufficient to pay the debts of the deceased, and stated the facts, showing the condition of the estate, as required by section 10, chapter 122, General Statutes, 1865, and that question of fact was judicially determined by the court. It may be well to here distinguish this case from *Teverbaugh v. Hawkins*, 82 Mo. 180, in which the order of sale was made by the court, *ex mero motu*, without any petition therefor being presented to the court, asking for such sale, without any statement of the condition of the estate, or any notice given of intended application for such sale. In this case application was made to the court by the administrator, by petition, in accordance with the requirements of section 10, *supra*, verified, as required by law, by his affidavit, and accompanied by an account of his administration, and containing the lists and inventories, as required by section 22, same chapter, and praying for the sale of the real estate, describing it as it is described in the report of sale, and in the administrator's deed, or so much thereof as may be necessary to pay off the debts of his intestate. Upon the presentation of the petition, accounts, etc., the court having found, to its satisfaction, that the personal estate was insufficient to pay the debts due and owing, entered that finding of record, and ordered that notice be given to all persons interested, that an order for the sale of said real estate would be made at the next term of said court, on the first day thereof, said term to be begun and held on the sixth day of April, 1868, and at its next term, and on the sixth day of April, 1868, the

court having found that such notice had been given, as required by law, and no person appearing to show cause why such order should not be made, the order was made, which finally culminated in the approval of the sale made thereunder, and the deed of the administrator to the purchaser.

The basic fact upon which the power of the administrator to sell the real estate of his decedent, and of the power of the court to make an order for such sale, *i. e.*, insufficiency of his personal estate to discharge his debts, was thus judicially ascertained and determined by the probate court of Johnson county, in the manner and in literal conformity to the requirements of the law, in such cases. Said court was a court of record having exclusive original jurisdiction within that county in all cases arising under the general laws of the state, relating to the administration of estates, and when in such a case, wherein it became necessary to determine a question of fact, that court, thus having jurisdiction of the subject matter, also in the manner required by law, by its order of publication, acquired jurisdiction over all persons having an interest in the determination of that question of fact, renders judgment thereon, such judgment must be held conclusive upon all parties in interest, in collateral proceedings. The doctrine that the judgments and orders of probate courts, in matters of the administration of estates, are entitled to the same presumptions of verity as is accorded to courts of general jurisdiction, proceeding according to the course of the common law, has been, by the recent decisions of this court, well established and may now be said to be placed beyond question. *Johnson v. Beazley*, 65 Mo. 251; *Sims v. Gray*, 66 Mo. 614; *Henry v. McKerlie*, 78 Mo. 416; *Fenix v. Fenix*, 80 Mo. 27. The real estate was correctly described in the petition, and the order of sale was made on the day and at the term stated in the order of publica-

tion, and there is no force in the objections raised to the order, that it did not contain a description of the land, and that the term of holding the court was changed from the second to the first Monday in April; nor in the objections to the report of the sale that the sale was not made and report thereof returned at the next ensuing term of the court. There was no time fixed in the order limiting the time within which the sale should be made, or when report of his proceedings should be returned. The only provision of law governing the matter in this report is contained in section 33, chapter 122, General Statutes, 1865, which requires the administrator "at the next term after such sale to make full report of his proceedings;" in this case the sale was made on the eighth of September, and the report at the October term following, which must have been the next term thereafter. The deed of the administrator shows that the appraisers were householders of Cass county, and nothing in the proceeding even tends to contradict the fact.

The only remaining objection to the validity of the sale, necessary to be noticed, is as to its approval. There was no formal entry of the approval on the record proper of the court, nor is it necessary that there should have been; the approval is sufficiently shown by the entry on the judge's minutes, especially when taken in connection with the further facts that the approval is recited in the administrator's deed, the acknowledgment of which was taken in open court by the judge thereof on the same day that the entry was made on the minutes, and in his second annual settlement the administrator charges himself with the amount of the purchase money. It is sufficient if the approval can be gathered from the whole record. *Jones v. Manly*, 58 Mo. 559; *Henry v. McKerlie*, 78 Mo. 416; *Moore v. Davis*, 85 Mo. 464.

The evidence introduced by the plaintiff in this

case, whereby he sought to impair the legal effect of the administrator's deed, which, upon its face, was sufficient to vest in the defendant the legal title to the premises in controversy, instead of accomplishing that purpose, demonstrated that all the requirements of the statutes had been complied with, if the judgments of probate courts in matters within their jurisdiction import the same verity as the judgments of courts of general jurisdiction, and, like them, are not to be impeached in collateral proceedings; a doctrine that now may be considered settled, resting, as it does, not only on the authority of many adjudicated cases, but founded in sound principle and good public policy. The general recognition of this principle will inspire confidence in purchasers in titles acquired at such sales, and give assurance that the property of decedents will, at such sales, bring something like its true value, while owners of real estate of immense value, purchased at such sales, will be relieved of anxiety as to the titles, and cease to be annoyed by vexatious suits growing out of mere irregularities in proceedings, not apparent upon the face of the judgments and orders of the probate courts. The order of sale was valid. The deed of the administrator vested in the grantor of the defendant all the right, title, and interest of the said William H. Camden, deceased, in the premises in controversy, and no error was committed by the circuit court in finding for defendant.

This conclusion renders any inquiry into defendant's claim of title by adverse possession unnecessary. The judgment of the circuit court is affirmed.