ROWDEN *et al., Appellants*, v. BROWN *et al.*

**Probate Courts, Intendments in Favor of**: COLLATERAL ATTACK. The same liberal intendments attend the acts and doings of probate courts in regard to all matters within their jurisdiction, and as to which that jurisdiction has attached, as attend the acts and proceedings of courts of general jurisdiction, and their proceedings are equally impregnable to collateral attack.

*Appeal from Bates Circuit Court.*—HON. J. B. GANTT, Judge.

AFFIRMED.

*Wm. Page* for appellants.

(1)   There cannot be in this state two sets of lawful administrators at the same time on the same estate. *Post v. Caulk,* 3 Mo. 35 ; *Griffith v. Frazer,* 8 Cranch, 9. In the case of *Griffith v. Frazer,* the Supreme Court of the United States held, in a collateral proceeding, that a judgment against an administrator of an estate who was appointed while the same was being administered on by an executor who had been duly qualified, was a nullity, and a sale made under such a judgment was utterly void. *Kane v. Paul,* 14 Peters, 82.   (2) White, as public administrator, was ordered by the county court of Bates county, which, at that time, exercised jurisdiction over probate matters, to take charge of the estate of John Gray, as administrator *de bonis non.*   That order, taken in connection with his action in making an inventory of said deceased's land, and filing it in the office of the county clerk, and his publishing a notice of his appointment as such, constituted him the legal administrator of said estate.   After his appointment it was White's duty to continue in charge of said estate until it was fully administered, or until he should be discharged in the ordinary course of law, as other administrators.   R. S., 1879, p. 306.   Having been thus appointed administrator, he could only be removed by the court, after having been cited to appear before it, and given a hearing. R. S., secs. 43, 313 ; *Headlee v. Cloud,* 51 Mo. 301.   (3) The court ought to have given the sixth declaration of law, as requested by plaintiffs.   Before the probate court could order the sale of John M. Gray's land it ought to have required the administrator, *de bonis non,* to have exhausted the remedy on Keziah Gray's bond, to recover the amount shown to have been in her hands as administratrix.   *Merritt v. Merritt,* 62 Mo. 150 ; *Turner v. Ellis,* 24 Miss. 178 ; *Paine v. Pendleton,* 32 Miss. 322 ;

*Holman v. Bennett*, 44 Miss. 331; *Stone v. Wood*, 16 Ill. 177.

*D. A. DeArmond* for respondents.

(1) If the appointment of Holloway, as administrator *de bonis non*, was not null and void his deed as administrator passed title. *Johnson v. Beazley*, 65 Mo. 254, 265; *State ex rel. v. Rucker*, 59 Mo. 17; *Henry v. McKerlie*, 78 Mo. 417, and cases cited; *Vosler v. Brock*, 84 Mo. 577-8; *Sitzman v. Pacquette*, 13 Wis. 291. (2) The court had jurisdiction to appoint an administrator *de bonis non*, upon the resignation of the former administrator, or upon a revocation of the order putting the Gray estate into his hands. The jurisdiction being ample, and an administrator *de bonis non* having been appointed, and his acts and those of the court being thenceforth formal and regular, up to the time the administrator's deed passed, it must be presumed, when such administrator's deed is attacked collaterally, as in this case, that the facts warranted the appointment. *Fenix v. Fenix*, 80 Mo. 33; *State v. Evans*, 83 Mo. 322; *Johnson v. Beazley*, 65 Mo. 254; *McNitt v. Turner*, 16 Wall. 353; L. C. P. Co., bk. 21, p. 347; *Sitzman v. Pacquette*, 13 Wis. 291. (3) "The files and papers appertaining to said estate" being all lost, and not before the court, White's resignation will, in this case, be presumed to have been among the lost "files and papers," if such presumption is needed to uphold title under the Holloway deed. See authorities under points one and two. (4) The so-called vacation "order," appointing White public administrator, the sole evidence of his being such officer, is a nullity; hence, even if White did not resign, the order putting Gray's estate into his hands as such officer was revoked by the appointment of Holloway, if not otherwise. G. S., 1865, p. 515, secs. 1, 2, 3; *McNitt v. Turner*, 16 Wall. 353. (5) Whatever the first annual settlement of

Keziah Gray, made fourteen years before, may show, the finding of the court, in the order appointing Holloway, and in the order of sale on his petition, that there were debts of the estate and no assets of the estate to pay them, is conclusive in this case. *Ferguson v. Carson*, 86 Mo. 677, and authorities before cited. The order of 1879 discharging White can have no effect whatever upon the administrator's deed, executed in 1875. *Long v. Joplin M. & S. Co.*, 68 Mo. 433.

SHERWOOD, J.—Ejectment for one hundred and twenty acres of land in Bates county. Both parties claim under one John M. Gray. The main point in the case is the validity of the administrator's sale upon which the defendants rely. It does not clearly appear whether White, the public administrator, was ordered as such public administrator, to take charge of the estate of Gray (which had not been fully administered), in vacation or in term time, nor is it material to know. The files and papers pertaining to Gray's estate being lost, etc., it will be presumed that the appointment of Holloway, as administrator *de bonis non*, was regularly made, and the order of sale and everything connected therewith was as it should have been. The same liberal intendments attend the acts and doings of probate courts in regard to all matters within their jurisdiction, and as to which that jurisdiction has attached, as attend the acts and doings of courts of general jurisdiction. *Brooks v. Duckworth*, 59 Mo. 49; *Johnson v. Beazley*, 65 Mo. 250. And the proceedings of probate courts are equally impregnable to collateral attacks as the proceedings of any other courts whatsoever. This view is fully sustained by the cases cited, and by numerous others in this court; to the same effect is *McNitt v. Turner*, 16 Wall. 353. And the jurisdiction of the probate court could, of course, not be defeated by the fact that the administratrix, Mrs. Gray, had sufficient funds in her

hands belonging to the estate to have satisfied any demand against the estate.

And the same line of remark applies to the entry, made years after the sale of the land, discharging White, as public administrator, from further charge of the estate of Gray. This order contains the names of several other estates, and that of Gray's may have been inserted through inadvertence; but whether this was the case or not makes no matter. The rights of the purchasers at the administrator's sale could not be in any manner affected by any subsequent occurrence. Looking at the question in this way it becomes unnecessary to discuss the declarations of law.

Therefore, judgment affirmed. All concur. Norton, C. J., absent.