IDA C. SMITH, Appellant, v. DAVID H. BLACK and D. A. GENTRY.

Division One, December 23, 1910.

1. **DESCRIPTION OF LAND: By Section Numbers: No Mention of County.** An administrator's application to the probate court for an order to sell land to pay debts, which describes the land as "N. E. of N. E. Sec. 11, Township 24 north, Range 6 east, and other land, in all 80 acres," describes land in Butler county, and a sale made in pursuance thereof is not void for that it does not say the land is in Butler county. Courts take judicial cognizance of land descriptions in Government surveys, and also of political subdivisions of the State, and know that section 11 in township 24 north, of range 6 east, is situated in Butler county,

2. **ADMINISTRATOR'S SALE OF LAND: At Private Sale: For Less Than Three-Fourths of Value.** A sale by the administrator of land at a private sale at less than three-fourths of its appraised value will not be held in a collateral proceeding (such as ejectment) to be void. The probate court had jurisdiction of the subject-matter, and power to approve the sale, and hence power to decide wrongfully as well as rightfully, and therefore its order is not void on its face, and hence not subject to collateral attack.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard*, Judge.

AFFIRMED.

*Abington & Phillips* and *Overfield & Cole* for appellant.

(1) The petition for the sale of. the property of the estate of the plaintiff's father did not conform to the requirements of Sec. 147, R. S. 1879. (2) The sale made pursuant to the petition conveyed no title to the purchaser at all, for the reason that the said land was sold for less than three-fourths of its appraised value. R. S. 1879, sec. 166.

*David W. Hill* for respondents.

(1) The description of the land in the petition for the sale thereof being otherwise specific and definite, and showing that it could be located nowhere except in Butler county, it was unnecessary for the petition to specifically state that the land was located in Butler county. Sutherland v. Holmes, 78 Mo. 400; Norfleet v. Russell, 64 Mo. 176; Howe v. Williams, 51 Mo. 252; Long v. Wagoner, 47 Mo. 178. (2) Furthermore, the petition for the sale of real estate filed in the probate court states the venue. This was sufficient to show the location of the land sought to be sold. R. S. 1899, sec. 620. (3) The filing of the petition for the sale of the real estate to pay the debts of the deceased gave the

court jurisdiction. Overton v. Johnson, 17 Mo. 442; Grayson v. Weddle, 63 Mo. 537; Pattee v. Thomas, 58 Mo. 163. (4) At the time the land in controversy was sold by the administrator, the statute did not make such sale void, even if sold for less than three-fourths of the appraised value, and at most, such sales were only voidable in a direct proceeding timely instituted, and the probate court having had jurisdiction of the parties and the property and having confirmed the sale, it was a final judgment, and no appeal having been taken it is binding upon all concerned, including the plaintiff in this case. Mitchell v. McMullen, 59 Mo. 252; Price v. Real Estate Assn., 101 Mo. 107; Macey v. Stark, 116 Mo. 481; Rogers v. Johnson, 125 Mo. 202; Covington v. Chamblin, 156 Mo. 587. (5) Even if the defendant Black had only acquired the equitable title, he would have been entitled to a decree quieting his title against the plaintiff. Howell v. Junk, 140 Mo. 452.

WOODSON, J.—This is a suit in ejectment for the recovery of the possession of a certain forty acres of land, situate in Butler county, State of Missouri. The judgment was for the defendants, and the plaintiff appealed.

The petition was in the usual form. The answer consisted of a general denial and a plea that defendant Black purchased the land in good faith for a valuable consideration, and prayed that the title to the same be quieted in him. The reply was a general denial.

The facts of the case are undisputed, and are as follows:

William Henley was the common source of title, who died seized of the land in controversy in the year 1871 or 1872. The plaintiff, then a minor of eleven years of age, was the only heir-at-law of said Henley. The defendant Black claims title to said land through mesne conveyances from said Henley under a sale

thereof by the administrator of his estate by order of the probate court of Butler county, based upon the following petition presented to said probate court by the administrator, asking for an order of sale of the real estate for the payment of debts of the deceased, to-wit (formal parts omitted):

"In the Matter of the Estate of William Henley, Deceased.

"Josiah Harper, administrator of the estate of the said William Henley, deceased, comes and prays the honorable the probate court of said county to order a sale of the real estate of the said William Henley, deceased, or so much thereof as may be sufficient to pay the debts of the said deceased, and states to the court that he has sold the personal estate of the deceased, as appears by the sale bill already filed, and that the proceeds of said personal estate, goods and chattels, and payments of debts for said estate, were as follows, to-wit: As shown by my settlements filed in this court, in my hands, as shown by my last settlement, $425.35, which consists of an unavailable note and an erroneous charge in said last settlement, leaving nothing available in my hands.

"And there remains unpaid allowances of court as follows:

1 allowance S. R. Harviell...... $57.90
1 allowance Cohen.............. 20.31   $78.21

"It is further stated by the administrator that of debts due to the deceased I think there will be realized not more than the sum of anything so that there will not be found in the hands of the administrator sufficient to pay the debts of the deceased, without selling the whole or part of the real estate inventoried, as follows: N. E. of N. E. Sec. 11, Township 24 north, Range 6 east, and other land, in all 80 acres.

"And recommends that the same be sold for the payment of debts due by the deceased, or so much of the real estate as may be sufficient for that purpose.

"All of which is respectfully submitted."

After said petition was duly considered by the probate court, it duly appointed three disinterested freeholders to appraise the land. They took the prescribed oath, viewed and appraised the land at the sum of one hundred and twenty dollars, and made a report thereof in proper form to the court. Thereupon, the court ordered the administrator to sell the land at private sale. In pursuance to that order, the administrator sold the land on the 17th day of March, 1884, to the Poplar Bluff Lumber Manufacturing Company for the sum of eighty dollars. This sale was reported to the court, and it was by the court confirmed. In due time the administrator executed a deed to the purchaser. The land was wild and uncultivated, and was in the actual possession of no one until about three years prior to the institution of this suit, at which time the defendant Black took possession thereof.

I.    There are but two propositions presented by this record for determination: First, that the petition filed by the administrator asking the probate court for an order to sell the land to pay debts did not properly describe the land, and for that reason the probate court acquired no jurisdiction over the land, and for that reason the order of sale was void, and, consequently, no title passed by virtue of the sale made by the administrator; and, second, that the land was sold, at private sale, for less than three-fourths of its appraised value, which was in violation of section 166, Revised Statutes 1879.

We will consider these two propositions in the order stated.

As regards the first, it will be observed from reading the petition, praying for the order of sale, that it fails to state in express words that the land was located in Butler county and State of Missouri. Counsel for appellant contend that this omission is absolutely

fatal and the probate court for that reason acquired no jurisdiction of the subject-matter, and, consequently the order of sale is absolutely void, and no title was conveyed to the Polar Bluff Lumber Manufacturing Company by virtue of said deed.

In our opinion that contention is untenable. The petition describes the lands as being the northeast quarter of the northeast quarter of section 11, township 24, range six east, and other land—in all eighty acres. That description is sufficient to show that the land was situate in Butler county.

In the discussion of that question, Judge VALLIANT, in Myher v. Myher, 224 Mo. l. c. 637, in speaking for the court, clearly and tersely said: "But even without that oral testimony we think the description contained in the will is sufficient to show that the land lies in Adair county, Missouri. This court takes judicial cognizance of land descriptions in the Government surveys, and we also take judicial cognizance of the political subdivisions of the State. We know that sections 13 and 14, township 62, range 16, are in Adair county. It is argued that those numbers of sections, township and range may be found in other counties in other States; that may be, but we have no judicial cognizance of such matters in other States and even if the fact were proven we would not go abroad to hunt for such a fact for the purpose of rendering uncertain a description which is certain enough when applied to land within our purview. This point was practically so decided in Long v. Wagoner, 47 Mo. 178."

II. The second insistence of counsel for appellant presents a more serious proposition, to-wit: That the sale is void for the reason that the administrator sold the land in question at private sale for a sum less than three-fourths of its appraised value, in violation of section 166, Revised Statutes 1879. That section, so far as material, reads: "No real estate sold for the pay-

ment of debts shall be sold at private sale for less than three-fourths of its appraised value.''

This question has never been directly passed upon by this court, or by either of the courts of appeal, so far as I have been able to ascertain. We must, therefore, approach it more upon principle than from authority.

The case that comes the nearest to passing upon this question is that of Price v. Springfield Real Estate Assn., 101 Mo. 107. In the discussion of that case, Judge BLACK, in speaking for the court, on page 116, said:

''1.  The plaintiff insists that, in order to sustain the administrator's sale, it devolved upon the defendant to show that the administrator filed a petition for the sale of the real estate, to produce an order of the court directing notice to be given to all parties in interest of the filing of such petition, and to show that the administrator caused the property to be appraised. These objections are all based upon the proposition that the county courts are courts of special and limited jurisdiction, and that all these matters must be shown in support of the administrator's deed. Early cases are cited giving some support to the proposition, but the doctrine has long since been exploded. Formerly county courts had, and probate courts now have, exclusive original jurisdiction in matters concerning the administration of estates of deceased persons. It is now well-settled law that the orders and judgments of these courts are entitled to the same favorable presumptions and intendments that are accorded to the judgments of circuit courts. The proceedings of our probate and county courts are no more open to collateral attack than are the proceedings of any other courts. [Camden v. Plain, 91 Mo. 117; Rowden v. Brown, 91 Mo. 429, and cases cited.] Here the defendant put in evidence the deed, order of sale, and the order approving the same. It was not necessary for the defendant in the first instance to make any other or further proof.

From the deed and those orders it will be presumed that all requisite antecedent steps had been duly and timely taken, until the contrary is made to appear. These observations dispose of all of the objections before named.

"2. It is true the administrator became the purchaser at his own sale. He had a right, under the law as it then stood, to purchase at his own sale, whether private or public, by paying not less than three-fourths of the appraised value of the property. For the reasons before stated, it will be presumed that his bid was at least three-fourths of the appraised value."

It is clearly indicated in the last paragraph quoted that Judge BLACK was of the opinion that if it had appeared from the record that the land had been sold for less than three-fourths of its appraised value, the sale would have been void. Those remarks are *obiter*, as no such question was presented by the record.

A kindred subject arising under sections 149 and 150, Revised Statutes 1879, which deal with the same subject-matter as that mentioned in section 166 was before this court in the case of Stark v. Kirchgraber, 186 Mo. 633. Those sections read as follows:

"Sec. 149. Upon proof of publication, the court shall hear the testimony, and may, if necessary, examine all parties, on oath, touching the application and make an order for the sale of such real estate, or any part thereof, in this State, at public or private sale.

"Sec. 150. If such executor or administrator do not make such application any creditor or other person interested in the estate, may make such application, giving twenty days' notice to the executor or administrator."

The question there presented was the validity of a sale of the real estate to pay debts, ordered by the probate court, based upon the petition of a purchaser of

the interest of two of the heirs who had inherited the land from the deceased.

In discussing that question, Judge Fox, on page 644, in speaking for the court, said:

"This leads us to the only remaining proposition involved in this cause. That is, upon the record, as made by the probate court, was the sale made by the administrator of the estate of Hulda Jarrett, deceased, of the land in dispute a valid one, and did his deed under such sale convey to Lizzie Kirchgraber, the appellant in this cause, the legal title to the premises? A correct answer to this question must be the solution of this proposition. That the order of sale, and the sale made in obedience to it, was made upon the application of the appellant in this cause, under the provisions of section 150, supra, there can be no dispute. The entire record demonstrates that fact."

(Then follows a copy of the section as before set out.)

"It is obvious from that section that the authority to make the application for the sale of land of a deceased person, is limited to a 'creditor or other person interested in the estate.' It is equally clear that the term 'other person interested in the estate' contemplates persons who have an interest in the distribution of the estate, or who have a right to participate in such distribution, such as an heir, or one who is made a legatee by will, or the guardian or curator of one of the heirs of the estate, or other persons who may be entitled to a distributive share of the estate. That the appellant in this case had no such interest in the estate of Hulda Jarrett, deceased, as authorized her to make that application for the sale of the real estate, in our opinion, is too plain for discussion.

"Her purchase of the interest of the two children of the deceased in the land, which descended to them, falls far short of creating any interest in the estate, as

231 Sup.—44

contemplated by the section of the statute upon which the proceedings to sell the land were predicated.

"Upon the death of a party who dies intestate, his or her lands descend directly to the heirs, and, technically, are no part of the estate which goes into the hands of the administrator for distribution, and in the administration of the estate the administrator has nothing to do with such lands, except as it may be subjected to his control under the provisions of law, which subjects lands to the payment of the debts of the deceased.

"If the appellant does not fall within the terms 'other persons interested in the estate,' then it follows that the order of sale by the probate court was without authority and is void. But it is insisted by appellant that the order of sale, and the sale made in obedience to it, and its approval by the court, was a final judgment, and cannot be attacked in this collateral proceeding. This is true, where the record upon its face shows that the court had jurisdiction.

"Jurisdiction may be defined to be the right to adjudicate concerning the subject-matter in a given case. To constitute this there are three essentials: First, the court must have cognizance of the class of cases to which the one to be adjudged belongs; second, the proper parties must be present; and, third, the point decided must be, in substance and effect, within the issue. [Munday v. Vail, 34 N. J. L. 422.]

"It was legitimate and competent for the plaintiffs in this case to introduce the entire record of the probate court in the proceedings to sell this land. An examination of that record convinces us that one of the essentials necessary to confer jurisdiction upon that court was entirely absent. In other words, the proper parties were not before the court, and this is shown upon the face of the record in this, that the appellant who instituted the proceeding for the sale of the land, was

neither a creditor nor was she interested in the estate, within the provisions of the statute.

"That want of jurisdiction may be ascertained by the consideration of the whole record, was clearly settled by this court in Hutchinson v. Shelley, 133 Mo. 400. In the discussion in that case of the same contention that is now urged in the case at bar, the court said:

" 'But it is urged by counsel for defendant that the judgments and orders of probate courts in the administration of estates are accorded the same presumptions in favor of their regularity as are indulged in favor of courts of general jurisdiction, and they are correct in this assumption. [Camden v. Plain, 91 Mo. 117; Price v. Springfield Real Estate Assn., 101 Mo. 107; Rowden v. Brown, 91 Mo. 429, and cases cited.] But the judgments of the circuit courts and other courts of general jurisdiction may be overthrown by other portions of their records of equal dignity and importing the same verity, which demonstrate that their recitals in their judgments are untrue, and a party attacking a judgment of such a court collaterally may introduce the whole record in the given cause to show that the court had no jurisdiction, either over the person or subject-matter, and when it so appears its judgment is void. [Cloud v. Pierce City, 86 Mo. 357; Adams v. Cowles, 95 Mo. 501.]'

"It appearing upon the face of the record that the probate court did not have the authority to entertain the proceeding instituted by appellant for the sale of this land nor to make the order of sale, it follows that the sale made in obedience to such order, as well as the deed executed to defendant in pursuance to such sale, were void and conveyed no title to the land in dispute."

In the case at bar, the administrator's report of sale showed upon its face that he had sold the land for less than three-fourths of its appraised value. Upon that state of the record, counsel for appellant contend that when the probate court came to make the order

'and judgment approving the sale, it was confronted with the provisions of said section 166, which in all cases absolutely prohibited any real estate belonging to the estates of deceased persons being sold at a sum less than three-fourths of its appraised value; and that according to the test before stated by Judge Fox, it is further contended that the probate court in the case at bar had no more power or authority to approve the report of sale which had brought less than three-fourths of its appraised value than the probate court had in that case to order it sold on the petition of one who had purchased the interest of two of the heirs. In that case the court properly held that the probate court had no jurisdiction over the person of the petitioner.

But counsel for respondent contend that a different rule applies to the facts of this case, that is, that the filing of the petition in the probate court, asking for the order of sale, gave that court jurisdiction over the land; and that while the order and judgment approving the sale may have been and was erroneous, nevertheless the court had jurisdiction to make the order; and not having been appealed from, it became a valid final judgment, and cannot be questioned in this collateral proceeding.

Under the statutes of this State the real estate of a deceased descends to the heir, and the probate court has no jurisdiction over the same except to order it leased or sold to pay debts. That proposition has been so often announced by this court that it would be useless to cite authorities in support thereof.

This court at a very early date held, that it was the filing of the petition asking for an order to sell the real estate to pay debts that gave the probate court jurisdiction over the same, and that the omission of the administrator to file with the petition the inventory, appraisement, lists and accounts of the estate, as required by the statute in such cases, did not deprive the court of jurisdiction, and that such failure would not

render the sale void. [Overton v. Johnson, 17 Mo. 442.]
That case has been affirmed by this court in the cases of
Pattee v. Thomas, 58 Mo. 163, and Grayson v. Weddle,
63 Mo. 1. c. 537-8.

In disposing of this question, we should not over-
look two well-settled rules regarding the jurisdiction of
courts to render judgments and decrees in certain
cases:

First, where the Constitution or statute absolutely
prohibits a court from doing a particular act, then the
order or judgment of the court made or rendered in
violation thereof is absolutely void for want of juris-
diction, and may be assailed in a collateral proceeding.

Second, where the Constitution or statute author-
izes such court to do a particular thing, but at the
same time prohibits the court from doing that until
certain other things stated are performed, or where
the power of the court to act is subject to certain limi-
tations named, then the judgment of the court rendered
in violation of the things stated, or contrary to the lim-
itations named, is not void for want of jurisdiction,
but voidable only, and if not corrected by timely motion
or appeal, will become absolute and valid, and not sub-
ject to collateral attack.   [Seaman v. Levee District,
219 Mo. 1; Sparks v. Jasper Co., 213 Mo. 218; Bank v.
Lyons, 220 Mo. 538; State ex rel. v. Williams, 221 Mo.
227; Simpson v. Stoddard Co., 173 Mo. 421.]

If we test the case at bar by the rules thus an-
nounced it will be clearly seen that the probate court
acquired jurisdiction of the subject-matter, the real
estate in question, by the filing of the petition asking
that it be sold to pay debts; and, having acquired that
jurisdiction, the order of sale, which was expressly
authorized by statute, was regular and valid in every
particular; and the mere fact that the administrator
violated section 166, and sold the land for less than
three-fourths of its appraised value, did not affect the
jurisdiction of the probate court over the subject-mat-

ter; and while the order and judgment approving the sale was erroneous, yet it was not void, for the reason that the court had the jurisdiction to make the order, which necessarily includes the power to decide wrongfully as well as to decide rightfully. No appeal was taken from that order, nor was it otherwise set aside or modified. That being true, we must accord to that order of approval the same presumption of regularity and validity that is accorded to judgments of courts of general jurisdiction. For that reason the order approving the sale cannot be questioned in this collateral proceeding. [Camden v. Plain, 91 Mo. 117; Price v. Springfield Real Estate Co., supra; Stark v. Kirchgraber, supra.]

The rulings of the circuit court were in harmony with the views here expressed; and for that reason the judgment should be affirmed. It is so ordered. All concur.