———o———

JNO. S. PATEE, *et al.*, Respondents, *vs.* GEO. D. MOWRY, *et al.*, Appellants.

59 161
97 402
59 161
133 412

1. *Administration—Sale under settlement—Notice unnecessary—Constr. Stat.—* Where, under § 47, Art. III of the administration law, (Wagn. Stat., 100) an order of sale is granted on annual settlement of an executor or administrator, no notice of sale is necessary. The settlement itself operates as notice, and the title is not vitiated by failure thereof.

*Appeal from Nodaway Circuit Court.*

*Pike & White, with E. A. Anthony,* for Appellants.

I. Upon a settlement where the court finds that the personalty is insufficient to pay the indebtedness proven against the estate, no order of notice to the heirs is necessary to make a valid order of sale. (Administration Act, Art. III, § 47; Wagn. Stat., 100.; Valle vs. Fleming's Heirs, 19 Mo., 454.)

II After an order of sale made upon petition and order of notice duly given, no further notice is necessary to make valid an order of sale of additional lands, where the land sold proves insufficient to pay the debts mentioned in the admin-

istrator's petition. (Frye vs. Kimball, 16 Mo., 21 ; Johnson vs. Overton, 17 Mo., 443 ; Sheldon vs. Wright, 1 Sells., 497.)

*John Edwards,* for Respondents.

I. By the terms of section 47, Art. III, ch. 2, (Wagn. Stat.) relating to administration, the same notice is required to the parties interested, before the court can order the sale of the lands of the decedent, to pay his debts, as is declared necessary under §§ 25 and 26. And sale without notice is void and the title worthless as against the respondents. (Valle vs. Fleming, 19 Mo., 454 ; Babbitt vs. Doe, 4 Ind., 335 ; Doe vs. Anderson, 5 Ind., 33 ; Doe vs. Brown, 8 Ind., 197 ; Guy vs. Pierson, 21 Ind., 18 ; Hawkins vs. Hawkins, 28 Ind., 66 ; Gilstrop vs. Moore, 26 Miss., 206 ; Hamilton vs. Lockhart, 41 Miss., 460 ; Campbell vs. Brown, 6 How., [Miss.] 230 ; Sherry vs. Denn, 8 Blackf., [Ind.] 542 ; Cooper vs. Sunderland, 3 Ia., [Clark,] 137 ; Thornton vs. Mulquinne, 12 Iowa, 549 ; Stark vs. Brown, 12 Wis., 572 ; Gibbs vs. Shaw, 17 Wis., 197 ; Bloom vs. Burdick, 1 Hill, 130 ; Schneider vs. McFarland, 2 Comst., 459 ; Corwin vs. Merritt, 3 Barb., 341 ; Sibley vs. Waffle, 16 N. Y., 180 ; Lessee of Adams vs. Jeffries, 12 Ohio, 253 ; Messinger vs. Kintner, 4 Binney, 97.)

WAGNER, Judge, delivered the opinion of the court.

The plaintiffs, who are the heirs of Elijah C. Patee, deceased, brought their action to recover the land described in the petition, which belonged to their ancestor in his life-time. The defendants derived their title from a sale made by Patee's administrator.

The material facts on which the decision must rest, are as follows : Prior to the 26th day of April, 1867, the administrator had filed inventories of the personal and real property belonging to the estate, and debts to a large amount had been proved up. On that day he filed his petition for the sale of the real estate inventoried, all of which was situated in Buchanan county ; which petition was accompanied by the usual exhibits, showing the insufficiency of the personalty to pay the debts.

The court granted the customary order, due notice having been given in conformity to the statute. The sale was regularly made and approved, but it did not realize a sufficient amount to pay off the indebtedness which the estate owed. On the 13th of July, 1868, an additional inventory of the lands in dispute, which were situated in Nodaway county, was filed; and on the next day the administrator made his settlement with the Probate Court, showing the application of the monies which had come into his hands, and that all balances due the estate, together with the personalty undisposed of, would not pay the indebtedness. Upon this settlement and the motion of the administrator, the court at the same term ordered the sale of this land embraced in the last inventory. No notice was given of the intended application for this last order of sale, and for that reason it is contended that the order and the sale made thereunder were void; and that the purchaser at the sale, which was otherwise regular, took no title. Of this opinion was the court below, and judgment was rendered for the plaintiffs.

The whole question depends upon the construction placed upon the 47th section of the administration law, relating to sales of real estate by administrators. (Wagn. Stat., 100, ch. 2, Art. III.) That section read thus: " If upon the settlement of the accounts of any executor or administrator, it appear that the personal estate is not sufficient to pay the debts and legacies, the court may make such order as it may think necessary for the sale of the real estate for that purpose, and the sale shall be conducted and the same proceedings had in relation thereto as is provided in this chapter in relation to the sale of real estate for the payment of debts upon the petition of the executor or administrator, creditor or other person interested."

Where the realty is desired to be sold, upon the petition of the administrator or a creditor, the 25th section of the same chapter and section says: " When such petition and such accounts, lists and inventories shall be filed, the court shall order that all persons interested in the estate be notified

thereof, and that unless the contrary be shown on the first day of the next term of the court, an order will be made for the sale of the whole, or so much of said real estate as will pay the debts of the deceased. Such notice shall be published for four weeks in some newspaper in the county in which the proceedings are had, or by ten hand-bills, to be put up in the public places in said county, at least twenty days before the term of the court at which such order will be made, in the discretion of the court." The 26th section then provides, that "Upon proof of publication, the court shall hear the testimony, and may, if necessary, examine all parties on oath touching the application, and make an order for the sale of such real estate, or any part thereof, in this State, at public or private sale."

Under the 25th section the proceedings may be initiated or set on foot by the administrator or a creditor at any time. They need not be at any stated term. The application for the order of sale may be made at any term. As the law does not prescribe the term, a notice is required to give jurisdiction that all persons interested may be present and have a hearing. Proof of this notice is a necessary preliminary, and when it is made the court may then proceed to examine all parties on oath touching the application. All parties interested are in court for the protection of their rights, and they may show the necessity of the order or why it should be granted, or they may resist it, or pursue what further remedy they desire.

But an entirely different aspect is presented where the sale is ordered under the 47th section. There upon the settlement of the accounts of the executor or administrator, if it appear that the personal estate is insufficient to pay debts and legacies, the court may make the order to sell real estate if it thinks proper, and the sale is to be conducted and the same proceedings had in relation thereto as is provided in relation to the sale of real estate for the payment of debts, upon the petition of the executor or administrator, creditor or other person interested.

This section requires no petition nor exhibit of accounts, lists and inventories. The settlement stands in lieu of them, and furnishes the requisite information. No provision is made for giving any notice, because the settlement is made at a time prescribed by law, and when everybody is legally notified of that fact. Every person having any interest in the estate or in the settlement thereof is bound to take notice of the time the administrator makes his annual settlements, and the law provides what may be done at such settlements relating to the matter of ordering sales of real estate. All who are then interested are in court where they have the right to be heard. The fair construction of the law is, that no notice is necessary or required where the order of sale is granted upon the settlement of the administrator; but that the sale must be conducted and the same proceedings had, —that is, in reference to appraisement, etc.,—as when the sale takes place upon petition under the 25th section.

It results therefore, that the judgment must be reversed; all the judges concur.