TEVERBAUGH *et al.*, Appellants, v. HAWKINS

**Administration**: SALE OF LAND: VOID ORDER. An order of probate court for the sale of land of a decedent, for the payment of his debts without a petition therefor, and without notice of the intention to apply for the same as required by law, is void, and a sale thereunder will pass no title, except where on a settlement of the accounts of the administrator, it appears the personal estate is insufficient to pay the debts of the estate; in which case the court can make the order of sale of its own motion.

*Appeal from Ozark Circuit Court.*—HON. J. R. WOODSIDE, Judge.

REVERSED.

*Smith & Krauthoff* with *A. H. Livingston* for appellants.

The administrator's sale was void. No petition for

·order of sale was ever presented to the probate court. Gen. St. 1865. p. 497, § 10; p. 498, § 22; *Jarvis v. Russick,* 12 Mo. 63; *Bompart v. Lucas,* 21 Mo. 598; *Pryor v. Downey,* 50 Cal. 388. Nor was any notice of the contemplated order of sale ever given. *Patee v. Mowry,* 59 Mo. 161, 194; 7 South. Law Review, p. 651, *et seq.* There was no settlement of the administrator's accounts until after the alleged ·order of sale, hence it could not have been made under General Statutes 1865, p. 500, § 47. The pretended order of sale is invalid and passed no title, because on its face it does not purport to be made for the purpose of paying debts of the deceased, *i. e.,* those in existence at the death of the deceased. *Farrar v. Dean,* 24 Mo. 16; *Presbyterian Church v. McElhinney,* 61 Mo. 540; 7 South. Law Review, p. 647.

*Hamilton & Fisher* with *Monks & Green* for respondent.

Whether the administrator's deed was void or void-·able, it nevertheless afforded color of title, and defendant's possession since December 28th, 1866, gave him title by limitation. *Biddle v. Mellor,* 13 Mo. 335; *Blair v. Smith,* 16 Mo. 273; *Shaw v. Nichols,* 30 Mo. 99; *Warfield v. Cindell,* 38 Mo. 561; *Nelson v. Broadbuck,* 44 Mo. 596; *Wall v. Schindler,* 47 Mo. 282; *Wilcoxon v. Osborn,* 77 Mo. 621. It is not necessary to plead the statute of limitations in ejectment. 44 Mo. 596. The administrator's deed could not be assailed collaterally. *Johnson v. Beasley,* 65 Mo. 254; *Tutt v. Boyer,* 51 Mo. 425; *State ex rel. Yarnell v. Cole Co.,* 80 Mo. 80.

HENRY, J.—This is an action of ejectment to recover a tract of land in Ozark county. The petition is in the usual form and the answer a general denial. The cause ·was tried by the court without the intervention of a jury, ·and from a judgment in favor of defendant plaintiffs appealed. The plaintiffs claim title as the heirs at law of

Solomon Teverbaugh, deceased.  The land was entered by one A. D. Hitt who, the evidence tended to prove, conveyed it to said Teverbaugh by deed, the existence and destruction of which was proved by witnesses who testified that they had· seen the deed.

Defendant claims title as purchaser at a sale of said land, alleged to have been ordered by the probate court of said county for the payment of debts.  He introduced as evidence the administrator's deed, dated December 28th, 1866, which contained the requisite recitals, and, by its terms conveyed the land in question to the defendant, and rested.

Plaintiff then introduced the records of the probate court, showing the order of sale, made November 8th, 1866, the approval of said sale by said court, December 14th, 1876, the inventory of said estate, which embraced no other property than the real estate in controversy. The first annual settlement of the administrator was then introduced in which he charged himself with $200, the amount received for the land and took credits as follows:

| | |
|---|---:|
| Witnesses to inventory | $ 2 00 |
| Six appraisers | 6 00 |
| Clerk's fees | 2 50 |
| Printer's fees | 3 00 |
| Notary's fee | 75 |
| Administrator's fees | 41 75 |
| Commission | 19 00 |
| | $75 00 |

Charging himself with a balance of $125.

In his second annual settlement, he charged himself with the balance due on the first settlement $125, and the only credit was one item of $21, for fees, and, in his final settlement, charging himself with the balance against him on the second settlement he credits himself by $32.65 (printer's, notary's, administrators' and clerk's fees).  Taxes for 1868, $4.60; amt. paid Ratliff, $34.93.  Taxes for

1869, $4.32, and amt. paid Hawkins, $34.00. On what account those payments were made to Ratliff and Hawkins does not appear. There is nothing in the record showing that the estate was indebted at all, when the administrator who made the sale took charge of the estate, and the order of sale is that "the land be sold to pay taxes, and to defray other expenses of said estate." No petition was ever presented to the probate court for a sale of the land, nor was any notice given of the intention to apply for the order.

This court has, in recent adjudications, gone very far beyond the earlier decisions, in upholding administrators' sales; but I know of no case in which it has held such sales valid, when there was no petition filed, nor any notice given of the intended application for an order to sell, except where on a settlement of the accounts of the administrator, it appears that the personal estate is insufficient to pay the debts, when the court by the statute, is authorized to make the order of its own motion.

"No provision is (in such case) made for giving notice, because the settlement is made at a time prescribed by law and when everybody is legally notified of that fact." *Patte v. Mowry*, 59 *Mo.* 163. In the same case it was observed that: "The application for the order of sale (by the administrator) may be made at any term. As the law does not prescribe the term, a notice is required to give jurisdiction, that all persons may be present and have a hearing." Even a petition, without the notice, would not give the court jurisdiction. Here there was neither, and plaintiff's second instruction should have been given. It declared that the whole proceeding in the probate court, with respect to the order of sale, was utterly void and that no legal title passed to defendant by the sale and deed made under it. The statute of limitations was not pleaded, nor was any evidence introduced, although it might have been without such plea, or any instructions asked on that

question, by either party and, therefore, it cannot be considered on this appeal.

This record presents a state of facts not calculated to impress one very favorably with the defendant's claim of title. The inventory shows no other property belonging to this estate, but the land in suit. No statement of any indebtedness of the intestate is shown upon which the order of sale was based. It nowhere appears that when that order was made the estate owed a dollar, except exorbitant costs of administration and for taxes which accrued two years after the death of the intestate. It does not appear upon what account two of the largest items of credit, in the second annual settlement, were paid, or when such indebtedness accrued. The bulk of the credits allowed the administrator in his settlements, consists of his commissions, clerks', notaries,' and printers' fees, and the balance of debts which had no existence when the letters of administration were granted; and the language of Judge Ryland in the case of *Farrar v. Dean*, 24 Mo. 19, with slight modifications, may very appropriately be repeated in this connection: " We cannot shut our eyes to the fact that the administration was begun for the purpose of selling the lot, not for the purpose of paying his debts, for there were none, but to get hold of his real estate by means seemingly consistent with law; and, therefore, the administration began. It made costs, and then sold the property, the lot, to pay them." *Presbyterian Church v. McElhanney*, 61 *Mo.* 540.

The judgment is reversed and the cause remanded. All concur, except Hough, C. J., absent.