## DAY *et al.*, *Appellants*, v. GRAHAM.

1. **Administration**: SALE OF LAND: STATUTE. Under Revised Statutes of 1879, section 170, a probate court has the right and power, when the annual settlement of an administrator is filed at the proper time, to make an order thereon for the sale of land for the payment of debts, without a petition therefor and order to show cause.

2. ———— : DEBT SECURED BY MORTGAGE. A creditor of an estate, whose debt is secured by a mortgage on real estate, is not bound to rely upon his mortgage alone, nor is he required to first exhaust his mortgage security. He may prove up his debt and is then entitled to be paid out of the assets of the estate.

3, **Equity**: FRAUD. Heirs cannot come into a court of equity and set up the turpitude of their ancestor as a foundation for setting aside a deed.

*Appeal from    Buchanan    Circuit    Court.*—HON. H. K. WHITE, Special Judge.

AFFIRMED.

Day v. Graham.

*James W. Boyd* for appellants.

(1) The court erred in finding for respondent. The evidence is conclusive that defendant never paid or agreed to pay any consideration whatever for said land. Defendant obtained said deed from the administrator by fraud and deception. Elizabeth Hawkins never had any claim against said estate ; neither did William Hawkins nor Graham. (2). The order of sale, not being at a time when an annual settlement is due, is void. *Patee v. Mowry*, 59 Mo. 161. (3) The court, on the trial, committed error in excluding evidence that would show there were no debts owing by said partnership estate except the two debts secured by mortgage on the land ordered to be sold. The order was without authority. *Welton v. Hull*, 50 Mo. 296. There were no debts except the two secured by mortgage, and the order of sale amounts to an attempt to foreclose— nothing more. (4) The fact that there was no consideration for said deed, the agreement by which the defendant and the administrator both swear defendant obtained the deed, the defendant's own sworn statements, read in evidence, show conclusively that said deed is fraudulent. The fraud is glaring. Equity will not permit respondent to swindle his step-daughter, an infant, out of her father's estate in this flagrant manner. *Blair v. Railroad*, 89 Mo. 383 ; *Lionberger v. Baker*, 88 Mo. 447 ; *Bank v. Crandall*, 87 Mo. 208 ; *Raley v. Williams*, 73 Mo. 310 ; *Caldwell v. Henry*, 76 Mo. 254 ; *Dunn v. White*, 63 Mo. 181. (5) The description in the order of sale and deed of the tract of 12.24 acres is so indefinite that the deed as to this tract is void. (6) Defendant had William Hawkins under his control by his threats. *Davis v. Luster*, 64 Mo. 43.

*Woodson & Woodson* and *Ramey & Brown* for respondent.

(1) An order to sell the equity of redemption, in real estate, does not have to be based upon a petition and notice, as is required in proceedings to sell real estate to pay debts. R. S. 1879, secs. 143-144; *Garrett v. Bicknell,* 64 Mo. 404. (2) It is settled in this state that the jurisdiction of the probate court attaches on the filing of the petition for an order of sale of lands, and the omission of the accounts and lists required by statute to accompany it is not fatal. Freeman on Void Judicial Sales, secs. 12, 13, 14; *Grayson v. Weddle,* 63 Mo. 523; *Patlee v. Thomas,* 58 Mo. 163. (3) When it appears to the court on a settlement of the accounts of the administrator, that the personal estate is insufficient to pay the debts, the court may of its own motion make the order of sale. R. S. 1879, sec. 170; *Teverbaugh v. Hawkins,* 82 Mo. 183; *Camden v. Plain,* 91 Mo. 117, 127, 128; *Patee v. Mowry,* 59 Mo. 161. (4) (*a*) There are four terms of the probate court annually, to-wit: First Mondays in February, May, August and November. R. S. 1879, sec. 1180. (*b*) Every administrator, at the first term of the probate court, after the end of one year from the date of his letters, shall exhibit his accounts for settlement. R. S. 1879, sec. 222. (*c*) William Hawkins was appointed administrator of said estate the twelfth day of August, 1875, and Thomas R. Smith was, on September 11, 1876, appointed administrator *de bonis non* of said estate; and on January 8, 1877, the annual settlement and order of sale were made. The foregoing dispensed with the necessity of filing a petition for an order of sale of the real estate, and also notice thereof. R. S. 1879, sec. 170; *Camden v. Plain,* 91 Mo. 127-128; *Patee v. Mowry,* 59 Mo. 161; *Teverbaugh v. Hawkins,* 82 Mo. 183. (5) The probate court found

that there were debts due creditors, and that the personal property was not sufficient to pay them. Upon said findings the court made the order of sale, which is conclusive in this case. *Camden v. Plain*, 91 Mo. 118, 129 ; *Johnston v. Beazley*, 65 Mo. 251 ; *Felix v. Felix*, 80 Mo. 27 ; *Sims v. Gray*, 66 Mo. 614 ; *Henry v. McKerlie*, 78 Mo. 416. (6) The administrator had the power to sell the real estate under section 146, and was not compelled to proceed under sections 143 and 144. Under such a sale the purchaser would acquire the fee subject to the mortgages. *Welton v. Hull*, 50 Mo. 297 ; *Greenwell v. Heritage*, 71 Mo. 459. (7) The trial court found that there was no fraud or duress on the part of respondent. This court will not interfere with that finding. *Bartlett v. Umfried*, 94 Mo. 529, 530, and cas. cit. (8) William Hawkins bid the land off at the sale, and respondent purchased it from him in March, 1878, and said Hawkins died in June, 1882, without making any objection to said purchase. These facts alone would estop him and his heirs. *Key v. Jennings*, 66 Mo. 370 ; *Medsker v. Swaney*, 45 Mo. 273 ; *Landrum v. Bank*, 63 Mo. 48.

BLACK, J.—This is a suit by Mrs. Day, who is the sole heir of Simon Hawkins, and by the heirs of William Hawkins to set aside an administrator's deed, conveying to the defendant 148 acres of land which was formerly owned by the ancestors of these plaintiffs. The court, on a hearing of the cause, dismissed the petition, and the plaintiffs appealed.

It appears that Simon and William Hawkins were partners, and as such owned the 148 acres of land in suit and also other lots and lands. Simon died in 1875, and William Hawkins then took out letters of administration, but his letters were revoked for failure to give bond as required by order of the probate court. On the eleventh of September, 1876, the probate court of

Buchanan county ordered the partnership estate into the hands of the public administrator.

Plaintiffs put in evidence an order made by the probate court on the eighth of January, 1878, which recites that the public administrator files his settlement, from which it appears that there is not sufficient personal assets to pay the allowed demands ; and the administrator is then ordered to sell real estate for the payment of debts, describing that now in question and also some other land. The property was sold under this order on the twelfth of February, 1878, and the sale was duly approved at the May term, 1878, and at that time, the defendant received the deed in question for the 148 acres.

1. The first point made is that since this order of sale was made on an annual settlement only, and not on a petition therefor with notice, that it is void because the order was not made at a term at which the annual settlement was due. By section 222, R. S. 1879, it is made the duty of every administrator, at the first term of the probate court, after the end of one year from the date of his letters, to exhibit his accounts for settlement and to make a like exhibit at the corresponding term every year thereafter. The public administrator was ordered to take charge of the estate on the eleventh of September, 1876. The four terms of the probate court began on the first Mondays of February, May, August and November. From this, it will be seen that the first annual settlement was due at the November term, 1877. The order of sale was made on the eighth of January, 1878, but at and during the November term, 1877. The settlement having been filed at the proper time, the court had the right and power to make the order of sale thereon without petition and order to show cause. This is the settled construction of section 170, R. S. 1879. *Patee v. Mowry*, 59 Mo. 161 ; *Teverbaugh v. Hawkins*, 82 Mo. 183.

2.  Plaintiffs offered to show, and for all the purposes of this case we assume, that at the date of the order of sale the debts of the partnership had all been paid, save two which were secured by deeds of trust on the land in question and on other lands.  On one of these debts, there was due about the sum of thirteen hundred dollars, and on the other some three hundred dollars.  Both debts had been allowed by the probate court.  The equity of redemption might have been sold under section 144, R. S. 1879, but the fact that it might be thus sold does not prevent the court from making an order for the sale of the equity of redemption under section 170.  If an administrator sells land subject to a mortgage, and then pays off the mortgage debts from the assets of the estate, he will have his claim against the purchaser for reimbursement, and that, too, out of the land itself.  *Welton v. Hull*, 50 Mo. 296; *Greenwell v. Heritage*, 71 Mo. 459.  The creditor is not bound to rely upon his mortgage alone; nor is he required to first exhaust his mortgage security.  He may prove up his debt and is then entitled to be paid out of the assets of the estate.  The fact, therefore, that these mortgage debts were the only unpaid debts, at the time of the sale, does not in the least affect its validity.

3.  Finally it is claimed that no consideration was paid by the defendant for the administrator's deed to him, and that he procured the same by fraudulent practices.  The proof on this issue is this :  The defendant Graham married the widow of Simon Hawkins, the deceased partner, in 1877.  William Hawkins, the other partner, bid in the 148 acres of land now in dispute at the administrator's sale made in February, 1878, and another tract of some thirty-nine acres.  Both tracts were sold to him subject to the two mortgages thereon before mentioned.  He directed the deed to the 148 acres to be made to defendant, and the deed to the other tract of thirty-nine acres was made to himself, the aggregate consideration of both deeds being $701.83.  It seems that no money

was paid to the administrator on account of these two deeds. The administrator, in his annual settlement, made after these deeds had been executed and delivered, charges himself with the amount bid by William Hawkins and then takes this credit: "I further state that neither Hawkins nor Graham paid any money to me as such administrator, as purchasers of said land, but W. Hawkins had a claim of over two thousand dollars against said estate and the seven hundred and one dollars and eighty-three cents ($701.83) was credited his claim by agreement of both Graham and Hawkins." No such claim as that of two thousand dollars was ever allowed in favor of William Hawkins; but there is some evidence to the effect that Elizabeth Hawkins had a claim against the firm of Simon and William Hawkins, and that William Hawkins was her devisee; but the claim was never allowed. This is the claim which William Hawkins used in paying for the land bid in by him and conveyed to himself and the defendant. He did this by virtue of an agreement with defendant, whereby they settled some matters in dispute between them. Graham also agreed to pay off the two mortgages on the 148 acres and on the thirty-nine acres conveyed to William Hawkins, and William Hawkins agreed to cancel the claim which he held, as devisee of Elizabeth Hawkins, against the firm of Simon and William Hawkins. Graham has paid off the mortgage of three hundred dollars, and has given up about half of the land conveyed to him in discharge or settlement of the other mortgage.

Now if we assume that the claim of two thousand dollars which William Hawkins set up against the firm, and which he used in paying for the land, was a fictitious one, still he was party to the transaction; he got part of the land by the use of the claim, and the thirty-nine acres thus acquired have been relieved from the payment of the mortgages thereon by Graham. He

could not come into a court of equity and set up his own turpitude to lay a foundation for setting aside this deed to the defendant; and his heirs are in no better condition.

There is a claim made that the defendant over-reached William Hawkins, and that he brought about the transactions resulting in the administrator's deed to himself by threats and intimidations; but the proof upon that issue is too weak to deserve consideration. The administrator's deed to defendant was made in 1878, and William Hawkins did not die until 1882, and during that time he made no objection to the sale, but, as before stated, took the benefits of the agreement between himself and defendant. It is clear that the plaintiffs, who are the heirs of William Hawkins and claim under him, have no standing in a court of equity.

Mrs. Day, who is the sole heir of Simon Hawkins, was a minor when these transactions took place, and she then resided with her step-father, the defendant. There is evidence tending to show that defendant, by the agreement with William Hawkins, designed to get the property rightfully going to his wife and her daughter in his own name. This case was tried on the theory that Mrs. Day, and the heirs of William Hawkins, stood upon the same footing, and in view of this fact we shall affirm the judgment of the circuit court dismissing the petition, but the judgment of the circuit court will be so modified as to be without prejudice to Mrs. Day and her husband.