HUTCHINSON v. SHELLEY, *Appellant.*

Division Two, March 17, 1896.

1. **Administration**: SALE OF LAND TO PAY DEBTS: ORDER OF SALE. An order of sale is as essential to the transfer of the title of a decedent by proceedings in a probate court as is a judgment in the circuit court to support a sale under an execution.

2. ———: ———: ———: PETITION: NOTICE. An order of sale of land of a decedent for the payment of debts, made on petition on the day of the filing thereof, without giving notice to the heirs either by publication in some newspaper for four weeks or by ten printed handbills twenty days before the term of court at which the order was made, as required by section 147, Revised Statutes, 1889, is void and the sale thereunder invalid.

3. ———: ———: ———: ———: ———. No subsequent notice of sale, report, or approval thereof will cure the defect of want of notice of the order of sale, where land of a decedent was sold on petition to the probate court.

4. ———: ———: ———: ———: ———. An order for the sale of land of a decedent may be made by the probate court without notice to the heirs at an annual settlement fixed by law, as they are then presumed to be in court and must take notice of orders affecting their interests.

5. **Probate Courts, Orders and Judgments of**: PRESUMPTION OF REGULARITY: COLLATERAL ATTACK: EVIDENCE. While it is true that the orders and judgments of probate courts in the administration of estates are entitled to the same presumptions in favor of regularity as are those of courts of general jurisdiction, yet the judgments of either may be overthrown by other portions of its records of equal dignity and importing the same verity, which demonstrate that the recitals in the order or judgment are not true, and a party attacking a judgment collaterally may introduce the whole record in the given cause to show that the court had no jurisdiction either over the person or the subject-matter; and where there is lack of jurisdiction the judgment is void.

6. **Ejectment:** IMPROVEMENTS: PRACTICE. In an action of ejectment by a devisee against the grantee of a purchaser at a void administrator's sale, where the answer tendered the issue of a purchase in good faith by defendant without notice of any defect in the administrator's sale, and that the land was still subject to a deed of trust executed by plaintiff's devisor and ignorantly satisfied by a deed of trust executed by the purchaser at the void sale, no adjustment can be made as to improvements claimed to have been put upon the land in good faith by defendant.

7. ———: ———: ———. In such case defendant can not defeat recovery by showing a valid lien outstanding in favor of a third person under a *bona fide* deed of trust executed by defendant's grantor, nor is he entitled to credit for payment by the administrator of a note of the devisor secured by deed of trust.

*Appeal from Osage Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Silver & Brown* and *J. W. Zevely* for appellant.

(1) Where defendant in ejectment claims under an administrator's sale and deed, he is required to show in the first instance, only the deed, the order of sale, and the order of court approving the sale. *Price v. Association*, 101 Mo. 107. (2) The court was authorized to order the sale of the land in question, although incumbered by the deeds of trust. R. S. 1889, sec. 143. (3) Besides, the judgment of the probate court on the question of the necessity of the order of sale of decedent's land for the payment of his debts is conclusive in a collateral proceeding. *Rogers v. Johnson*, 125 Mo. 202; *Macey v. Stark*, 116 Mo. 481; *Camden v. Plain*, 91 Mo. 117. (4) There is no evidence in the record disclosing the value of the land; hence, so far as the record shows, the value of the land may not have exceeded the amount of the deeds of trust thereon.

Both of the original McNamara mortgages were satisfied by the sale or transactions growing out of it. So far, then, as it appears in evidence, neither the estate of John McNamara nor the plaintiff is injured. "One can not obtain relief in any court unless he shows he has been injured." *Murphy v. DeFrance*, 103 Mo. 54. And the above is specially true where, as in this case, the defendant makes out a *prima facie* case by showing the administrator's deed, order of sale, and its approval by the court. *Price v. Association*, 101 Mo. 107. It was, therefore, incumbent on the plaintiff, in order to show that he had been injured, to prove the value of the land, and that the price at the administrator's sale was an inadequate one, and that it did not go to the extinguishment of the deeds of trust. This he has not attempted or pretended to do. The defendant having made out a *prima facie* case (as required by *Price v. Association, supra*) by showing the administrator's deed, the order of sale, and the approval of the sale, the plaintiff is not entitled to recover in the absence of facts properly pleaded overcoming such *prima facie* case. No such facts were set up or attempted to be set up in the replication. Facts constituting an estoppel *in pais*, to be available, must be specially pleaded. *Throckmorton v. Pence*, 121 Mo. 50; *Avery v. Railroad*, 113 Mo. 561; *Noble v. Blount*, 77 Mo. 235; *Bray v. Marshall*, 75 Mo. 327. (5) The trial court determined the case on the theory of fraud and collusion on the part of Quinn and the defendant and the administrator; whereas no such issue was made or tendered by the pleadings. A recovery can only be had on the issues made by the pleadings. *Glass v. Galvin*, 80 Mo. 297; *Moffatt v. Conklin*, 35 Mo. 453. And the facts constituting fraud must be pleaded; it is not sufficient to even charge fraud in general terms. *Hoester v. Sammelman*, 101 Mo. 619. (6) The administrator's deed

conveyed the legal title to Quinn and he conveyed to defendant herein, and the plaintiff's remedy, if any, is in equity to divest title, and not at law.   The fact that defendant pleaded the facts relating to his purchase and the proceedings of the probate court did not convert the case into an equitable one.   All said facts were admissible under the general denial contained in the answer.   *Hart v. Steedman*, 98 Mo. 452.   A trustee or mortgagee after condition broken has the legal title, and may recover in ejectment.   *Johnson v. Houston*, 47 Mo. 227; *Siemers v. Schrader*, 88 Mo. 20; *Bailey v. Winn*, 101 Mo. 656; *Priest v. St. Louis*, 103 Mo. 657. (7) The court should at most have reimbursed defendant for the amount expended in improvements and in extinguishing the second mortgage on the land.   It went to extinguish a lawful lien on the same.   *Henry v. McKerlie*, 78 Mo. 416; *Foote v. Clark*, 102 Mo. 408; *Cunningham v. Anderson*, 107 Mo. 371; *Throckmorton v. Pence*, 121 Mo. 50.   To entitle a person to set aside a deed, even when obtained from him by fraud, he must offer to return the consideration paid.   *Thompson v. Cohen*, 29 S. W. Rep. (Mo.) 885.   The reimbursement ought always to be made where, as in this case, the consideration for the land went to extinguish a lawful lien thereon.   *Murphy v. Smith*, 86 Mo. 333.   The foregoing is specially true where, as in this case, the money used in extinguishing his lien was that of a minor and was used by his guardian.

*R. S. Ryors*, *Wm. O. Mead*, and *T. T. Loy* for respondent.

(1) The probate court had no jurisdiction or power to make the order of sale under which defendant claims.   To confer such jurisdiction a petition must be filed in the probate court showing the debts due to and

by the estate, and that there are not sufficient personal assets to pay the debts of such estate. R. S. 1889, secs. 145, 146; Rorer on Judicial Sales [2 Ed.], sec. 292. (2) The probate court made the order of sale on the same day the petition was filed and that same order was renewed from time to time until the sale, without any order of publication ever having been made or published as required by section 147, Revised Statutes, 1889, and the probate court for that reason had no jurisdiction or power to make such order of sale, and it and all subsequent proceedings are void. *Ferguson v. Carson*, 86 Mo. 673; *Teverbaugh v. Hawkins*, 82 Mo. 180; Rorer on Judicial Sales [2 Ed.], secs. 301, 303. The administration began in March, 1891, the order for the sale was made at the May term of the probate court following, which was not a term of said court at which any annual settlement of the administrator was due, nor was any settlement made at that time so as to bring the order of sale under the provisions of Revised Statutes, 1889, section 169. *Pattee v. Mowry*, 59 Mo. 161. The probate court could not acquire jurisdiction to make the order of sale it did make except by its own process, which was an order of publication duly published. To give jurisdiction is the object of process. (3) The order of publication or other process by which the court acquired jurisdiction, if at all, is as much a part of the record as the order of sale itself, and if it affirmatively appears that no publication, as here, was made, then in that event the whole proceeding is void. *Hewitt v. Weatherby*, 57 Mo. 276; *Brown v. Langlois*, 70 Mo. 226. (4) The probate court attempted to order a sale of the equity of redemption of John McNamara, deceased, in pursuance of a supposed power conferred by Revised Statutes, 1889, sections 142 and 143, but the power did not exist in that court, but is excluded by the terms of section 142, which provides that such

order may be made if the deceased "shall not have devised the same or provided for its redemption." The lands in question here were devised to plaintiff. (5) The court reached the only conclusions that could have been arrived at under the facts proved. (6) The procuring of the order of sale, the sale, purchase by Quinn, the conveyance by him to defendant, the entry of satisfaction on the margin of the record of the deeds of trust given by the deceased, were participated in by the administrator and his brother, the defendant, and Quinn, with the common design to appropriate the land and take it away from the plaintiff. There was no overreaching by anyone in the matter, nor was there any mistake of fact. If there was any mistake at all it was one of law, and for such mistake neither courts of law nor equity afford any relief. *Price v. Estill*, 87 Mo. 378; *Norton v. Highleyman*, 88 Mo. 621. (7) If the court in his finding of fact did incidentally find that the Dudgeon deed of trust made by Quinn should not be paid to defendant, neither he nor those under whom he claims ever having paid any part of it, we can not see that it affords him any just grounds of complaint. (8) There was no petition, order of sale, or sale of the southwest quarter of the northwest quarter of section 17, township 45, range 7, hence, the defendant under the ruling of this court in the case of *Melton v. Fitch*, 125 Mo. 281, can have no claim to it.

GANTT, P. J.—This is an action of ejectment in statutory form for the north half of the northwest quarter of section 17, and east half of the northeast quarter, and the northwest quarter of the northeast quarter of section 18, all in township 45, range 7 west of the fifth principal meridian, lying in Osage county, being two hundred and forty acres of land.

John McNamara died seized of said lands, March

20, 1891. Both parties claim title through him. By his last will and testament, duly probated after his death, John McNamara devised all these lands and all his personal estate to the plaintiff J. W. Hutchinson, and this constitutes his claim to the land. Defendant admits that John McNamara owned the land and that he devised the same to plaintiff, but avers that at the time of his death said McNamara was indebted to the amount of $985 for which he had given two promissory notes, one for $600 and the other for $385, the payment of which he had secured by two separate deeds of trust on all of said lands; that William Shelley was at the March term, 1891, duly appointed *administrator cum testamento* of said estate by the probate court of Osage county; that the personal estate of said McNamara was wholly insufficient to pay his funeral expenses and debts, and thereupon at the May term, 1891, said administrator presented to the said probate court his petition setting forth that the personal estate was wholly insufficient to pay the debts of said estate and prayed for an order to sell all of said lands for that purpose.

He then avers that said court accordingly at said May term, 1891, made its order of record directing said administrator to sell said lands to pay off said mortgages and other debts on August 18, 1891, during the session of the county court; that said administrator did sell said lands in ·pursuance of said order on August 18, 1891, and reported his sale to said probate court and the same was disapproved; that said order of sale was renewed for the November term, 1891, but owing to defect in his notice the sale was not made at said term, but said order was renewed for said sale to be made December 28, 1891, at which time all of said land was sold for $1,307, but the same was again disapproved by said court; that at the February

term, 1892, said probate court renewed its order of sale for April 19, 1892, at which time said administrator sold said lands to one Patrick Quinn for $1,375; that said Quinn paid the purchase money and said sale was duly approved by said court; that with the proceeds of said sale said administrator paid off the said mortgage debts and liens on said lands and satisfied and discharged them; that afterward said Patrick Quinn made and executed his deed of trust conveying said lands to John R. Dudgeon to secure the note of said Quinn to Elizabeth Dudgeon for $916.42, of date May 27, 1892; that afterward, in August, 1892, said Quinn bargained and sold all of said lands to defendant Edward Shelley for $1,450 exclusive of the said mortgage debt to Mrs. Dudgeon, and said Quinn by deed attempted to convey all of said lands to defendant but by mistake omitted from said deed the northeast quarter of the northwest quarter of said section 17 and by mistake the southwest quarter of the northwest quarter of said section 17 was improperly inserted therein, and defendant has the equitable right to said northeast quarter of northeast quarter of section 17, and thereupon makes the following further allegations and prayer for relief.

"And, further answering, defendant says that immediately after his purchase from Patrick Quinn aforesaid, he did satisfy and pay the second mortgage thereon, and did enter into and still continues in the possession of said premises so bought from him, viz., a premises belonging to the estate of John McNamara, deceased, and sold by his administrator under the order of the probate court of Osage county, hereinbefore set out; and the defendant says that he so bought said lands in good faith for the consideration hereinbefore set out, and without any knowledge or information of any defect or imperfection in the proceedings of the Osage probate court, in and about the sale of said lands, or

of any want of authority, if such be the case, on the part of said court to order said sale, or on the part of the aforesaid administrator to make the deed to Patrick Quinn, under which defendant claims title and possession; and defendant says, that said land is still subject to a first mortgage for the sum of $——, executed by the said Quinn after his purchase at the administrator's sale, and in lieu of the first mortgage executed against said land of John McNamara, deceased, and unsatisfied at the time of said sale.

"And, further answering, defendant says that if, owing to any defect, imperfections, or shortcomings in the matter of said proceedings of the probate court of Osage county, as to the sale of said land of John McNamara, deceased, or if, owing to the want of authority of said probate court to order said sale, or of the aforesaid administrator to make said administrator's deed to Patrick Quinn, no title passed to latter, defendant says that before plaintiff can recover said premises so sold at administrator's sale, and in part described in plaintiff's petition, defendant herein is entitled to be reimbursed to the extent of the sum paid by Patrick Quinn at said administrator's sale for said land purchased by him thereat, and improvements consisting of fencing and clearing of land of the value of $50, made by him on said premises; and defendant says that said purchase sum and the value of said improvements constitute in equity a lien on said premises in defendant's behalf, and defendant asks that amount of lien be ascertained and adjudged in favor of this defendant, and that plaintiff be denied any right to the possession of said premises until said lien has been so ascertained and paid; and defendant asks for such other and general relief as to the court may seem meet and proper."

And at the same term of said circuit court the plaintiff filed reply as follows, to wit:

"The plaintiff herein for reply to the new matter set up in the answer denies the same; he admits that he claims title to said lands as the devisee of John McNamara by his last will and testament duly executed and probated."

As John McNamara was the admitted common source of title, plaintiff offered in evidence, without objection, the last will of said McNamara duly executed, attested, and probated, by the terms of which all the estate of said testator, both real and personal, was devised to plaintiff. Plaintiff then offered testimony tending to show he was the Walter Hutchinson named as devisee in said will, and that the rents and profits of the land were of the value of $100 per annum, and then rested. Defendant demurred to the evidence, which being overruled, he excepted.

The defendant, to sustain the issues on his part, offered and read in evidence a deed of trust dated February 23, 1885, by which John McNamara conveyed all the lands in suit to E. A. Dudgeon, trustee, to secure a note of $600 of that date from John McNamara to Elizabeth Dudgeon, due one day after date, also satisfaction of the same deed of trust on the margin of the record of date June 2, 1892, by "Henry Marquand, assignee." Also a deed of trust from John McNamara of date December 20, 1886, to John R. Dudgeon, trustee, for John Findley, beneficiary, to secure a note of that date for $321, payable one day after date. Satisfaction on the margin of record by Henry Marquand, assignee, June 2, 1892.

Defendant then offered and read in evidence the administrator's deed of William Shelley, administrator *cum testamento* of John McNamara, to Patrick Quinn, of date May 26, 1892, conveying to said Quinn all the

right, title, and interest of John McNamara in and to said lands for $1,375.

Defendant also offered in evidence the petition of Shelley, administrator, to sell real estate to pay debts of his decedent, which avers that the whole amount of the personal property of said decedent is seventy-two dollars and sixty cents ($72.60), and that the same has been sold; that the said deceased died seized of real estate described as follows: The north half of the northwest quarter of section 17; the east half of the northeast quarter and the northwest quarter of the northeast quarter of section 18, township 45 north, of range 7 west, and situated in Osage county, Missouri; that the above described real estate was incumbered by a deed of trust executed by McNamara in his lifetime to E. A. Dudgeon, as trustee for Elizabeth Dudgeon, to secure payment of a note for six hundred dollars ($600) dated February 23, 1885, and bearing seven per cent interest from date; and also incumbered by deed of trust, or mortgage, to secure a note of decedent to John Findley for $285, and that the sum of $72.60 secured from sale of personal estate would only be sufficient to pay funeral expenses and costs of administration, which petition was filed May 25, 1891, and also the order of sale made thereon of the same date, which is in the ordinary form. This order was renewed from time to time until the November term, when the sale was again ordered and was made December 28, 1891, and disapproved and the order renewed at the February term, sale made and approved of record at the next May term on May 26, 1892, and the deed ordered made to Quinn, and it was executed and duly acknowledged in open court on the same day.

Defendant also offered the sale bill showing that from the personal estate the administrator only realized $72.60. The final settlement showed a balance due

the administrator of $38.42. The judge of the probate court testified the order of sale was made the same day the petition was filed and that no annual settlement was due or made on that day.

William Shelley testified for defendant that he was a brother of the defendant, Edward Shelley; that prior to the sale to Quinn by him he purchased the Findley note and mortgage on March 12, 1891. He was the guardian of Edward Shelley, the defendant. He testified that Quinn never paid him anything of the purchase money; that Quinn gave Mrs. Dudgeon a new mortgage in lieu of the one the testator had given her.

In short, it very plainly appears that Quinn, at the instance of the administrator, merely bid in the land and took the deed, but never paid anything for the land; that subsequently Quinn induced Mrs. Dudgeon to accept his note and deed of trust in lieu of the mortgage she held from McNamara; that then Quinn deeded the land to the defendant, the brother of the administrator; that the administrator, with his own money, bought in the Findley deed of trust and caused the record of both the deeds of trust given by McNamara to be satisfied by one Marquand as assignee.

Upon these facts the court found for the plaintiff for the possession of the land and decreed that inasmuch as defendant had not paid the Dudgeon note and the same was still a lien on the land, he was not entitled to subrogation as to that, and that defendant had paid nothing for the Findley note, but the same had been paid by the administrator and the record satisfied by Marquand in an effort to defraud plaintiff, and defendant had full knowledge thereof, but that the deed of trust by Quinn to Mrs. Dudgeon should remain and is still in force and should be sustained in equity against the claims of plaintiff herein.

I. The order of sale by the probate court, having been made on the day the petition was filed and not having been made on an annual settlement, was void and the sale thereunder and the deed of the administrator conveyed no title to Quinn. An order of sale is as essential to the transfer of the title of a decedent by proceedings in a probate court as a judgment in a circuit court, to support a sale under an execution. *Evans v. Snyder*, 64 Mo. 516; *Greene v. Holt*, 76 Mo. 677; *Melton v. Fitch*, 125 Mo. 281.

No subsequent notice of sale, report of sale, or the approval thereof could save the proceedings from this incurable defect. An order of sale of land made by a probate court without notice of an application for such order, except where it is made on an annual settlement of the accounts of an administrator and it appears that the personal property is insufficient to pay the debts, is as void as if no order at all were made. *Teverbaugh v. Hawkins*, 82 Mo. 180; *Patee v. Mowry*, 59 Mo. 163. When the order is made at an annual settlement fixed by law, the parties interested in the estate are presumed to be in court and must take notice of orders affecting their interests, but when an order is made at a time other than an annual settlement, the heirs are not in court and the notice required by the law must be given to give the court jurisdiction to make the order of sale.

But it is urged by counsel for defendant that the judgments and orders of probate courts in the administration of estates are accorded the same presumptions in favor of their regularity as are indulged in favor of courts of general jurisdiction, and they are correct in this assumption. *Camden v. Plain*, 91 Mo. 117; *Price v. Springfield Real Estate Ass'n*, 101 Mo. 107; *Rowden v. Brown*, 91 Mo. 429, and cases cited. But the judgments of circuit courts and other courts of general jurisdiction may be overthrown by other portions of

their records of equal dignity and importing the same verity which demonstrates that their recitals in their judgments are untrue, and a party attacking a judgment of such a court collaterally may introduce the whole record in the given cause to show that the court had no jurisdiction, either over the person or subject-matter, and when it so appears its judgment is void. *Cloud v. Pierce City*, 86 Mo. 357; *Adams v. Cowles*, 95 Mo. 501.

Now, this order of sale was not made on an annual settlement. None was due and moreover the record recites and the files show it was made on a petition. By section 147, Revised Statutes, 1889, when the petition was filed the law required that notice to the heirs should be given by publication in some newspaper for four weeks or by ten handbills put up in ten public places twenty days before the term of the court at which such an order could be made, and yet the record affirmatively shows upon its face that such notice was not given but the order was made the same day it was filed. Hence it was invalid. *Valle v. Fleming*, 19 Mo. 460; *Agan v. Shannon*, 103 Mo. 661; *Ferguson's Adm'r v. Carson's Adm'r*, 86 Mo. 673.

The administrator's deed is void and the court correctly ruled that plaintiff had the legal title and was entitled to judgment for possession unless the equitable defense interposed required plaintiff to first pay off the two deeds of trust, executed by his devisor, John McNamara.

As to these, the defendant's answer tendered the issue that he had in good faith purchased said premises without any knowledge of any defect in the proceedings in the probate court; that the said premises are still subject in good conscience and equity to the deed of trust executed by John McNamara to Mrs. Dudgeon and ignorantly satisfied by the deed of trust

of Quinn for the same debt and that he is entitled to certain improvements put on the land by him in good faith believing he had the title.

As to the improvements, they can not be adjusted in this action. Granting that Mrs. Dudgeon still has her lien, and it would appear that she has, she is not a party to this record and as neither Quinn nor defendant has paid any part of said lien, she is free to enforce it without any assistance from them and her claim is no bar to plaintiff's recovery from defendant.

As to the payment by William Shelley, in what way is defendant entitled to that payment? William Shelley paid the debt, not defendant. Patrick Quinn, not William Shelley, sold and warranted the land to defendant. If William Shelley is not estopped by his unlawful conduct in buying his testator's lands in an indirect way, which we need not decide, as he is not in court, then he is entitled to the equity, but defendant bears no such relation to the payment as will enable him to prevent plaintiff's recovery of the land devised to him by John McNamara.

As to the pleadings, the answer tenders the issue which defendant now seeks to evade. The court simply found against the equity therein set up. The judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.