GREENE, *Plaintiff in Error, v.* HOLT.

1. **Administrator's Deed.** An administrator's deed will pass no title to land not described in the order of sale.

2. ———. A deed by an administrator to his co-administrator is void.

*Error to Lawrence Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

REVERSED.

This was an action of ejectment to recover the west half of lot No. 2 of the northwest fractional quarter of section 1, township 26, range 25, and the northwest quarter, southwest quarter section 36, township 27, range 25, in Lawrence county. Plaintiff claimed as only son and heir of John A. Greene, who died in the year 1854, seized of these lands. On the 19th day of January, 1855, Wm. Greene and Cynthia Greene, widow of the deceased, qualified as administrators of the estate. On the 9th day of May, 1855, a petition running in their joint names as administrators, but signed by Wm. Greene alone, was presented to the probate court of Lawrence county, asking leave to sell, for the payment of debts, the west half lot No. 1, northwest fractional quarter section 1, township 26, range 25, and northwest quarter, southwest quarter section 36, township 27, range 25. On the 6th day of August following the court ordered that the "administrators or any one of them," sell the real estate "described in the petition of said administrators," at private sale. On the 8th day of November following Wm. Greene made report that he had sold to Cynthia Greene at private sale the west half lot No. 2, northwest fractional quarter section 1, township 26, range 25, and the northwest quarter, southwest quarter section 36, township 27, range 25. On the same day the report was approved, the order of approval referring to the report and designating the land as "the real estate of

said John A. Greene," but not particularly describing it. Thereupon Wm. Greene, as administrator, executed a deed to Cynthia Greene, describing the land as in the report, viz : the west half of lot No. 2, etc., the proper description, and not as in the petition, the west half of lot No. 1, etc. Defendant claimed through mesne conveyances under this sale.

The foregoing facts appeared in evidence; and it also appeared that Cynthia Greene, after qualifying as administratrix, received certain personal property on account of her dower, for which she gave to Wm. Greene a receipt in which she styled him " my co-administrator of the estate of John A. Greene, deceased," that up to the date of the report of sale she was named and treated in the orders of the probate court as one of the administrators, and that after that time Wm. Greene was treated as sole administrator, and as such made all the settlements both annual and final.

It also appeared that the defendant, and those under whom she claimed, had made improvements and paid taxes on the land, and for these defendant asked re-imbursement in case the court should find she had no title to the land. There was a verdict and judgment for defendant, and plaintiff sued out this writ of error.

*N. Gibbs* for plaintiff in error.

*J. C. Cravens* for defendant in error.

I.

SHERWOOD, J.—There can be no question of the plaintiff's right to recover a portion of the land sued for, to-wit : the west half of lot No. 2 of the northwest fractional quarter of section 1, township 26, range 25, since this land, though described in the deed and in the report of sale, is not described in the petition; nor in the order approving

the sale, nor in the order of sale ; the only allusion in the latter order to the real estate being this : " that the administrators, or any one of them, be ordered and authorized to sell said real estate of said deceased, which is described in the petition of said administrators heretofore filed." We have ruled that where the proceedings show no order authorizing the sale, " such a defect is a fatal one, and incapable of being supplied by anything else, whether consisting of a notice of sale, report of sale or administrator's deed. The order of sale in cases of this sort, occupies the same relation to the sale, by an administrator, that a judgment or decree does to an execution sale by a sheriff." *Evans v. Snyder*, 64 Mo. 516. This being true, it must needs follow as a logical sequence that where a portion of the land actually sold is not described in the petition at all, and the order of sale only authorizes the sale of such lands as " is described in the petition," that so far as concerns that portion, misdescribed in the petition, the same principle must govern, and that portion held to have been sold without any order of sale. No title passes when the petition refers to one tract of land and the order of sale to another tract. Rorer Judic. Sales, § 261, and cases cited. As to that portion of the land, therefore, we will occupy no further time in discussing, but proceed to the examination of that portion which is correctly described in the petition.

## II.

The sale of the residue of the land to Cynthia Greene, must also be held void for the reason that she was the administratrix of the estate, and the sale was a private one made to her by her associates in the administration. This sale occurred on the day the order therefor was made, August 5th, 1855, before the Revised Statutes of that year were passed by the legislature, and consequently that sale was governed by the revision of 1845, whereby it is provided : " Nor shall an executor or administrator directly

or indirectly become the purchaser of such real estate at public sale at less than three-fourths of its appraised value." p. 87, § 31. And the sale of such land was null also, because the statute did not authorize one administrator to convey to his associate, but expressly required the clerk of the county court, in case of such purchase, to execute the necessary deed. Ib., 88, § 34. The section just mentioned makes no exception of cases where there, are more administrators than one; and the statute is the chart of the administrator's powers; what it forbids he cannot do, and what it authorizes that alone can he do. Negative words are imperative. *The King v. Leicester*, 7 B. & C. 12; Dwarris on Stat., 611; Sedgwick on Stat. Const., 316, 320, 325, and notes. Besides, co-administrators are regarded in law as one individual, and, therefore, one co-administrator cannot convey to his associate; for this would, in effect, be equivalent to conveying to himself; and both administrators must join in executing a deed conveying the land of their intestate in order to pass the title to a third person; and if this be true, certainly one administrator could not accomplish more by his deed to his co-administrator, than he could by such a deed to a stranger.

And it is futile in the face of the facts spread upon this record, to say that Cynthia Greene was not, at the time she purchased the land in controversy, the administratrix of the estate.

The present case differs very widely from that of *Grayson v. Weddle*, 63 Mo. 523, for there, Mrs. Morgan having been appointed administratrix in common with Banter, never, so far as the record shows, qualified as such, while here, Cynthia Greene not only qualified, but entered upon the active discharge of the usual duties of administratrix, joining in the petition for, and obtaining the order of sale; and it was not until the sale occurred that the record became silent as to her status toward the estate. Indeed, the order of sale seems to contemplate the sale to Cynthia

Greene, for the order goes that: "The administrator, or any one of them, be ordered and authorized to sell said real estate of said deceased."

### III.

As to any equities growing out of the foregoing facts, they may be adjusted in accordance with the principles heretofore enunciated by this court.

Judgment reversed and cause remanded.   All concur in the result.