ROBERTS et al. v. THOMASON et al., Appellants.

Division Two, May 19, 1903.

1. **Administrator's Deed:** SALE OF UNDESCRIBED LANDS. An administrator's deed, based upon a petition which did not describe the land and upon an order of sale of the probate court which also failed to describe it, is void, and does not affect the title.

2. ————: GRANTEES OF WIDOW'S HOMESTEAD: LIMITATIONS AGAINST MINORS. The purchasers of the widow's homestead who are also grantees in an administrator's deed, which is void because of the omission of the description of the land from the court's order directing the sale and from the petition, do not hold adversely to the minors, and, hence, the statute of limitation does not begin to run in their favor until after the widow's death, for in such case it will be presumed that they claimed under the valid deed from the widow, and not under the void administrator's deed.

Appeal from Oregon Circuit Court.—*Hon. W. N. Evans*, Judge.

AFFIRMED.

*A. H. Livingston* for appellants.

(1) The trial court held that the deed of W. F. Frey, as administrator of the estate of Silas Hefner, to Sitton and Scott, did not convey title to the northwest quarter of section 8, township 22, range 2, the land in controversy, because this tract was not described in the order of sale made in the probate court. It was properly described in the petition presented by the administrator to the probate court for the sale of the land, in the order of publication, in the report of sale made by the administrator, duly approved by the court, and in the deed of the administrator. Did the evident clerical mistake in omitting the description in order of sale render the sale void? In all other respects the administrator's sale was regular and valid, and we insist that this defect or omission in the order of sale did not render the deed based thereon invalid. Camden v. Plain, 91 Mo. 117; Bray v. Adams, 114 Mo. 486; Adams v. Larimore, 51 Mo. 130. This is the law of other States as well as of this. Montgomery v. Johnson, 31 Ark. 74; Junison v. Gaston, 21 Texas 266; Davis v. Touchstone, 45 Texas 490; Crawford v. McDonald, 88 Texas 626. (2) The same liberal intendments attend the acts and doings of the probate courts in regard to all matters within their jurisdiction, and as to which such jurisdiction has attached, as attend the acts and proceedings of courts of general jurisdiction, and their proceedings are equally impregnable to collateral attack. Rowden v. Brown, 91 Mo. 429; Sherwood v. Baker, 105 Mo. 472; Macy v. Stark, 116 Mo. 481; Rottman v. Schmucher, 94 Mo. 139; Howell v. Jump, 140 Mo. 441; Rogers v. Johnson, 125 Mo. 202.

*A. P. Couch* for respondents.

(1) It is not true that the court erred in holding the deed by the administrator void as to the tract of

land in controversy. Appellants argue the case in their abstract and brief on the theory that the petition filed in the probate court for the sale of this tract of land properly described the land in question, which is not a fact; the petition and order of sale does not describe the land in question: Therefore, the sale is void and no title passed whatever. Evans v. Snyder, 64 Mo. 516; Green v. Holt, 76 Mo. 677; Melton v. Fitch, 125 Mo. 281. (2) It is not true that respondents were barred by the statutes of limitation. Melton v. Fitch, supra; Brown v. Moore, 74 Mo. 633; Holmes v. Kring, 93 Mo. 452.

FOX, J.—This is a suit in ejectment in the usual form, commenced in the Oregon Circuit Court, January 28, 1898, for the possession of the north half of the southeast quarter of section 8, township 22, range 2. The answer admits possession, and denies each and every other allegation of the petition.

At the August adjourned term, held in September, 1899, this cause was tried by the court without a jury, and judgment was rendered for the plaintiffs for the possession of the northwest quarter of the southeast quarter of section 8, in township 22, range 2 west.

This tract was entered by W. S. Jobe. Deed from Jobe to J. A. Felker for same land, dated February 19, 1860. And deed from Felker to Silas Hefner, dated February 5, 1878; and it was admitted by defendants that these plaintiffs were heirs at law of Silas Hefner, deceased.

Defendants introduced record of deed from W. J. Frey, administrator of the estate of Silas Hefner, deceased, to J. J. Sitton and E. G. Scott for said land dated December 18, 1882, recorded December 30, 1884. The introduction of this deed was objected to by plaintiffs for the reasons that the petition for sale and the order of sale made by the probate court did not include this forty-acre tract. Defendants read in evidence a

deed from J. J. Sitton to the defendants for the same land, dated March 20, 1892, and also deed from E. G. Scott to J. J. Sitton for the same land.

Plaintiffs offered in evidence the petition filed in the probate court for the sale of the real estate belonging to the estate of Silas Hefner, deceased, by W. J. Frey, administrator, which is as follows:

State of Missouri, County of Oregon, ss.

In the Probate Court held in and for said county.

"*In the matter of the estate of Silas Hefner, deceased.*

"W. J. Frey, administrator of the estate of Silas Hefner, deceased, comes and prays the honorable the Probate Court for said county to order a sale of the real estate of said Silas Hefner, deceased, or so much thereof as may be sufficient to pay the debts of said deceased, and states to the court that he has sold the personal estate of the deceased, as appears by the sale bill already filed, and that the proceeds of said personal estate, goods and chattels, and payment of debts for said estate, were as follows, to-wit:

"Personal property sold for...........$68.75
Accounts ........ ........ .......... 25.00
                                      ———
                                      $93.75

"Debts allowed up to date $136.

"It is further stated by said administrator that of debts due to the deceased he does not think there will be realized more than the sum of seventy-five dollars, so that there will not be found in the hands of the administrator enough to pay the debts of the deceased, without selling the whole or part of the real estate inventoried, as follows:

"North half northeast quarter and northeast quarter northwest quarter of section 8, and southeast quarter northeast quarter and southwest quarter southeast quarter of section 8, and southwest quarter southwest

quarter and southwest quarter northwest quarter of section 9, and northeast quarter southeast quarter of section 8, of township 22, range 2 west.

"And he recommends that the same be sold for the payment of the debts due by the deceased, or so much of said real estate as may be sufficient for that purpose.

"W. J. Frey,
"Administrator."

Plaintiffs read in evidence the order of sale of the probate court of Oregon county, dated May 8, 1882.

Plaintiffs also read in evidence report of commissioners setting off homestead to widow and children of Silas Hefner, deceased.

Plaintiffs read in evidence order of sale of probate court of Oregon county, dated May 8, 1882, which is as follows:

"W. J. Frey, administrator of Silas Hefner deceased.

"Now at this day comes W. J. Frey, administrator of the estate of Silas Hefner, deceased, and proves to the court that the order of publication, made upon his petition at the February term, 1882, thereof, has been published according to law, and moves the court for an order of sale pursuant to said petition and notice; whereupon the court proceeded to hear the testimony produced and to examine the parties who appear, touching the application of said administrator for the sale of real estate as in said publication mentioned, and it being proved to the court that there are not enough personal estate and effects of said deceased charged with the payment of debts, and no other assets in the hands of said administrator to pay the debts due by said estate, it is ordered that the said W. J. Frey, administrator, do, on the 14th day of August, next, at the front door of the courthouse, in the town of Alton, and during the session of the probate court of said county between the

hours of ten o'clock in the forenoon and five o'clock in the afternoon of that day, expose to sale at public vendue or outcry, the following real estate in said petition of said administrator described as follows, to-wit.

"North half of northeast quarter and northeast quarter of northwest quarter of section 8, and southeast quarter of northeast quarter and southwest quarter of southeast quarter of section 8, and southwest quarter of southwest quarter and southwest quarter of northwest quarter of section 9, and northeast quarter of southeast quarter of section 8, township 22, range 2 west, and sell the same for the purpose in said petition mentioned, on the following terms, to-wit: On a credit of twelve months, except twenty per cent, which must be paid on the day of sale and purchaser giving note and approved security for the remainder, first having had the same appraised, and notice of the time, terms and place of said sale published for four weeks prior thereto in the Alton Democrat, a weekly newspaper published in said county, and make return of your proceedings at the next term of this court."

It also appears from the record that Martha Hefner, widow of Silas Hefner, deceased, was entitled to a homestead in the real estate of her deceased husband, and that this homestead was in due form set off to her. There was also read in evidence a deed from Martha A. Hefner, widow of Silas Hefner, deceased, to Henry S. Hefner, including land in controversy; this deed was dated December 16, 1881. By deed dated November 28, 1885, Henry S. Hefner and wife conveyed land to J. J. Sitton and E. G. Scott. There were deeds read in evidence from E. G. Scott to J. J. Sitton, and from J. J. Sitton to defendants Thomason.

Defendants also offered in evidence order of sale and sale and deed in pursuance of such order made by the probate court, authorizing Henry S. Hefner, guardian of Susanah B., Leona and Viola Hefner, minors, to sell the interest of said minors in the lands in controversy.

It further appears from the record in this case that witnesses were introduced, who testified that the defendants and their grantors were in possession of this land from 1882 up to the time of the institution of this suit. This evidence simply shows that they were in possession. The record is silent as to how they were claiming, whether as absolute owners of the land, or otherwise. It was admitted that Martha A. Hefner, the widow of Silas Hefner, deceased, died March 28, 1889.

This was substantially all the evidence offered in this case, and upon being submitted to the court, it found the issues for the plaintiff and rendered judgment accordingly. From this judgment, defendants prosecute their appeal.

It will be observed that there is only forty acres of land involved, in this suit, which is described as follows: The northwest quarter of the southeast quarter of section 8, township 22, range 2 west.

At the close of the case, defendants requested the court to declare the law as follows:

"1. The court declares the law to be that the guardian and curator had the same right and power to sell the homestead interest of the minors that he has under the laws of this State to sell any other interest of such minors in other real estate.

"2. That under the conveyances in evidence the legal title to the premises is vested in defendants and the finding will be for them.

"3. That whatever claim or interest plaintiffs may have had in the land sued for is barred by the statute of limitations and plaintiffs cannot recover."

All of which declarations of law the court refused, to which action and ruling of the court defendants then and there duly excepted.

It will be noted that appellants contend that the action of the court in refusing the declarations of law herein quoted, was error.

It is apparent from the record in this cause that the question to which instruction number 1 was intended to apply, was not involved in this case.

The minors, whose interest in t'e homestead' was attempted to be sold, at the time of the institution of this suit, have reached their majority; hence, the guardian's deed, if valid, had become inoperative and appellants practically admit this in their brief, and do not rely upon this deed as a defense to this action; hence, the court very properly refused this instruction.

The power of the probate court to sell the interest of minors in the homestead, and the right to occupy it during their minority, are not involved in this case; hence, we will not discuss it, and we trust that what is said upon that subject, or our failure to pass upon that question, will not be construed by any means as sanctioning that authority.

Instructions number 2 and number 3 present the only questions involved in this controversy.

The correctness of declaration number 2 depends upon the validity of the conveyances offered in evidence by defendants, and instruction number 3 must depend entirely upon the character of the possession of appellants. It is insisted that the administrator's deed read in evidence in this cause conveyed the title. In this contention, we can not concur. It is conceded that the order of sale by the probate court did not describe the forty-acre tract in dispute, and we have carefully compared the tract of land as described in the judgment in this cause with the lands as described in the petition filed in the probate court, upon which the order of sale was predicated, and upon which the deed executed in pursuance of the sale made upon such order must rely for support, and find that the land involved in this controversy is nowhere described in that petition for order of sale by the probate court. That this deed, based upon a sale by an administrator upon a petition to the

Vol 174 mo—25.

probate court that does not describe the land, and upon an order in response to the requests of the petition, without any description of the land which is embraced in this suit is void, require no citation of authorities upon this proposition. However, we will say that the cases of Evans v. Snyder, 64 Mo. 516, Greene v. Holt, 76 Mo. 677, and Melton v. Fitch, 125 Mo. 281, settle this question adversely to the contention of appellants. In those cases, it was clearly announced that the omission of the description of the lands in the order of sale by the probate court, rendered the deed, upon a sale, in pursuance to such order, inoperative and void. In this sale, the petition, which forms the very groundwork of an administrator's sale, did not contain a description of the land in suit. It does not even fall within the rule contended for by defendants in the case upon which they rely, of Camden v. Plain, 91 Mo. 117.

It certainly can not be seriously contended, in view of the adjudications in this State, that an administrator's deed will pass title to real estate, which is not supported by a description of the land in the petition for order of sale, nor in the order of sale, as prayed for in the petition. The administrator's deed read in evidence in this case, was void and conveyed no title to defendants' grantors.

This leads us to the last proposition in this case, that is, the action of the trial court in refusing the request of defendants, that this action was barred by the statute of limitations. In the discussion of the application of the bar of the statute of limitations as to the facts in this case, it must be remembered that the conveyance from the widow, Martha A. Hefner, to Henry S. Hefner of her right of possession to the homestead and the deed from Henry S. Hefner to Sitton and Scott, defendants' grantors, conveyed a legal right of possession as against said widow, during the life of the widow. This right of possession of the homestead conveyed by Sitton and Scott to defendants placed them, in respect

to such homestead, in the same legal position as the widow Martha A. Hefner—the right to occupy the land embraced in the homestead during her life. Their occupancy and possession of this land was not adverse to the heirs of Silas Hefner and legal owners of such land. It is true that the defendants had the administrator's deed, and in 1885 they obtained the deed which conveyed the homestead right of the widow. The administrator's deed was void, and the other was a valid deed, conveying the right of possession during the lifetime of the widow. It will be presumed that their claim of possession from 1885 to the death of the widow was under the valid deed and not in pursuance of the administrator's deed, which was void and of no force and effect. This being true, prior to the death of the widow, Martha A. Hefner, the possession of defendants was not such adverse possession as would bar the true owners from a recovery. The clear announcement of the rule as to the application of the statute of limitation in the case of Melton v. Fitch, supra, is peculiarly applicable to the case before us, for the reason that the principle declared in that case resulted from a similar state of facts. BURGESS, J., speaking for the court, in the last case cited, said:

"The only remaining question deserving consideration is that with respect of the statute of limitations which is relied upon by defendants as a bar to plaintiff's action. In order that this defense may be sustained the possession of defendants must have been adverse as against the plaintiffs for ten consecutive years. Their paper title is derived from Mrs. Watson, widow of Joseph W. Melton, deceased, whom we have seen had no other interest in the land than that of doweress, as she acquired nothing by her purchase at the administrator's sale. As doweress she did not hold possession adverse to the heirs of her deceased husband, but in consonance with them, and could not, of course, convey anything but her dower interest to defendants, who succeeded to her

rights as the widow of Joseph W. Melton, deceased, and nothing more, and the defendants Fitch occupy precisely the same position towards the plaintiffs as did the widow. Their possession never did become adverse to plaintiffs, nor would it so long as she lives, and her dower remains unassigned." [Citing Brown v. Moore, 74 Mo. 633; Holmes v. Kring, 93 Mo. 452; Sherwood v. Baker, 105 Mo. 472.]

There was no error in the action of the trial court in refusing instruction number 3, applying the statute of limitations.

It was admitted that the plaintiffs in this cause were the heirs of Silas Hefner, deceased, and the deeds introduced in evidence placed the legal title in him at the time of his death, and the plaintiffs confessedly being his heirs, were entitled to recover, and the judgment in this cause will be affirmed. All concur.