Henrietta Wortham v. Ray L. Marten, Walter L. Sadlowski and Manchester Bank of St. Louis; Ray L. Marten, Appellant.—No. 39267.—188 S. W. (2d) 11.

Division One, June 4, 1945.

*Sylvan Agatstein* for appellant.

2

3

*Robert M. Zeppenfeld* for respondent.

■ CLARK, J.—Suit to set aside a deed executed by appellant as executor of the estate of his father, Edward R. Marten, deceased, to the Manchester Bank, a quitclaim deed executed by the Bank to one Sadlowski and a quitclaim deed executed by Sadlowski to appellant as an individual.

Edward R. Marten owned the land at his death which occurred in January, 1932. The same month appellant qualified as executor. Respondent is the owner of a claim for $7500.00, duly allowed and placed in class six, no part of which has been paid. On March 5, 1934, on petition of the Bank as owner of a fifth class claim for $6,000.00, the probate court ordered the land sold to pay debts. On April 9 the appellant as executor reported the land sold at private sale to the Bank for $4100.00; on April 20 the report was approved; on April 24 a deed to the Bank was delivered and recorded. On August 8 the Bank delivered a quitclaim deed to Sadlowski who recorded his deed on the same day. All this was in the year 1934. On August 10, 1934, Sadlowski delivered a quitclaim deed to appellant, which was not recorded until December 21, 1939. This was about thirty days after the approval of appellant's final settlement as executor and after the expiration of the term of the probate court at which the final settlement was approved.

4

The allowed claim of the Bank was founded upon a note signed by Edward R. Marten (the deceased) and Ray L. Marten (the appellant), but the proceeds of the loan were placed to the credit of Ray L. Marten only. After it received its deed from appellant as executor, the Bank never took possession of the real estate or exercised any control over it. It collected no rents, but continued to pay rent to a company of which appellant was the sole stockholder for an electric sign on the premises. It is admitted that Sadlowski paid nothing for the quitclaim deed he received from the Bank and received nothing for his quitclaim deed to appellant. In fact, Sadlowski was paid $10.00 for acting as a straw. Appellant from time to time made payments to the Bank until he had paid his indebtedness in full; then, which was after his final settlement as executor, the deeds were recorded purporting to show title in appellant.

The chancellor found that the purported sale by the executor to the Bank was, in fact, an indirect sale to the executor (appellant) himself and we think that finding is fully supported by the evidence.

The chancellor held the sale invalid because in conflict with Section 161, Revised Statutes Missouri 1939, [Mo. R. S. A. section 161] which provides that a sale by an administrator or executor to himself, directly or indirectly, shall be void.

In addition to arguing the sufficiency of the evidence, appellant. contends that orders of probate courts approving sales of real estate have the effect of final judgments and may not be attacked for fraud unless the fraud be practiced upon the court in the very act of procuring the judgment.

We have read the cases cited by appellant, but deem it unnecessary to review them in detail as we concur in the abstract statements of law announced in them. Appellant says that Scanland v. Walters, 324 Mo. 1084, 26 S. W. (2d) 603, is analogous to the instant case. We do not think so. In the Scanland opinion [324 Mo. l. c. 1092] it is stated that the sole question briefed and argued related to the question of homestead. True, at page 1096 there is an incidental discussion of the right of an administrator to purchase at his own sale and the opinion says the order of approval is a final judgment which may not be attacked except in a direct proceeding for fraud in the procurement. Then the opinion indicates that the attack there was a collateral one and also that the evidence was insufficient to support it.

In the instant case appellant does not claim that the judgment is not being directly attacked and we have no doubt as to the sufficiency of the evidence. Appellant does claim that the fraud alleged was not in the very act of obtaining the approval of sale. We do not agree with such claim. Appellant presented a report to the probate court stating that he had sold the real estate to the Bank, and in the report he was required to swear that he had not directly or indirectly purchased the property for himself. On the faith of that report the court ap-

proved the sale to the *Bank,* not to *appellant.* The court would not, and could not, have approved a direct or indirect sale to appellant for, under the statute, it was without jurisdiction to do so.

Under the express terms of the statute a purchase by an executor, directly or indirectly, at his own sale is void. [Greene v. Holt, 76 Mo. 677.] The invalidity of such a sale does not depend upon proof of damage to the estate. The statute is an expression of public policy that it is unwise to permit the possibility of an administrator or executor making an unjust profit at the expense of the estate in his trust.

Finally, appellant contends that respondent has been guilty of laches. She brought the instant suit just fifteen months after the recording of the deeds purporting to show title in appellant. The record title is still in appellant and no rights of an innocent purchaser have intervened. Appellant is not in a position to make the defense of laches. According to the decree of the chancellor, well supported by the evidence, appellant not only wrongfully purchased at his own sale, but he concealed the fact from the court and from respondent until the estate had closed, the term adjourned and time for exceptions and appeal had expired.

The decree is hereby affirmed. All concur.